**UNITED STATES of America**

v.

**John R. BARLETTA.**

**Crim. No. 79–335–T.**

United States District Court,
D. Massachusetts.

June 24, 1980.

Amos Hugh Scott, Asst. U. S. Atty., Boston, Mass., for United States.

Marshall D. Stein, Hale, Sanderson, Byrnes & Morton, Julian Soshnick, Boston, Mass., for defendant, John R. Barletta.

Seymour Weinstein, Worcester, Mass., for defendant, George Stavros.

## MEMORANDUM

TAURO, District Judge.

The government seeks a pretrial ruling as to the admissibility of a certain tape recording at the retrial of this multi-count indictment. The government's motion to that effect was denied by this court on March 25, 1980. A timely notice of appeal was filed by the government. The defendant subsequently filed a motion, pursuant to Fed.R.App.P. 10(e), seeking clarification of this court's order of denial. This memorandum is in response to that request for clarification.

### I.

The tape recording in issue is of a telephone conversation between the defendant and a government informer. The government initially sought to introduce that tape during the first trial of this case.[1] The government's theory then was that the taped conversation was an admission by the defendant. After a voir dire hearing, I sustained the defendant's objection to the tape.

At the time of the government's proffer, the record established that the taped telephone conversation took place approximately three years after the alleged conspiracy commenced, and about six months after it had allegedly concluded. The telephone conversation was initiated by the informer at the government's request. The call was monitored and taped by the government with permission of the informer. It is reasonable to infer that the purpose of the informer's call was to obtain an admission from the defendant that he had participated in criminal conduct several months before. Having this background, I read the

---

1. The jury was unable to reach a verdict and thus the necessity for this retrial.

transcript of the taped call and also listened to the tape. While the informer's comments and questions were clearly intended to serve as an inculpatory net, they were so convoluted and complex that the import of defendant's responses was at best ambiguous. Indeed, defendant's clearest responses appeared exculpatory.

And so I excluded the tape for two reasons. First, I was persuaded that the tape could not fairly be viewed as an admission despite the attempts of the informer to provoke an inculpatory response. Second, given the totality of the aforementioned circumstances, I regarded the potential prejudicial impact of the tape, particularly its ethnic reference, to substantially outweigh any probative value. *See* Fed.R. Evid. 403. For both reasons, I sustained defendant's objection.

## II.

 In my March 25 order, I merely refused to give a pretrial ruling as to whether the tape would be admitted at the retrial. The government argues, however, that Fed. R.Crim.P. 12(e) requires me to make such an evidentiary ruling prior to trial if requested to do so.[2] In relevant part, that rule provides that pretrial motions shall be determined before trial ". . . unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict." The rule goes on to admonish that ". . . no such determination shall be deferred if a party's right to appeal is adversely affected."

 Analyzing the prescriptions and proscriptions of Rule 12(e) one bite at a time, it is clear that there is "good cause" for defer-

ring action on the government's pretrial motion to admit. As a matter of perspective, it is important to have in mind that what is at issue here is whether this court *must* decide a *pretrial motion to admit* as opposed to a *pretrial motion to suppress* evidence.[3] There are important differences between a pretrial motion to admit evidence and a motion to suppress. A motion to suppress typically focuses on a narrow range of issues, such as whether the government's evidence has been tainted by an unconstitutional arrest. Denial of a motion to suppress does not necessarily mean that the evidence is admissible. It simply constitutes a rejection of the specific challenge to that evidence.

Other considerations necessary for a determination of admissibility must ordinarily await trial. They often include traditional tests of relevancy and foundation, as well as a balancing of the probative value of evidence with potential prejudicial impact. Rulings on such evidentiary issues must be made in the context of a record established on the basis of admissible evidence presented at trial. To require a judge to decide a motion to admit evidence prior to trial would, as a practical matter, require a court to hold a series of minitrials prior to the commencement of trial in order to establish the factual predicate for admitting the proffered evidence. The government's desire to receive a pretrial advisory opinion as to its evidence may be understandable. But, the allowance of such a practice would ignore the reality of 1980's clogged dockets and the competition among litigants for the already too limited number of available court hours. From the standpoints of judicial economy and efficient expenditure of tax dollars, a precedent mandating pretrial

---

2. Much of the ensuing discussion is based upon the parties' memoranda on a similar motion to admit tape-recordings in the related case of *United States v. Stavros*, Cr. 79–335–T. Those memoranda elaborate on the arguments raised pursuant to the Defendant's Motion for Clarification in the instant action.

3. If this court had ruled substantively, by denying the government's motion to admit, the practical effect would be comparable to the allowance of a motion to suppress the tape

brought by the defendant. But this court did not rule substantively on the government's motion, and the defendant filed no motion to suppress. If the defendant had filed a pretrial motion to suppress, it is clear that determination could not be deferred for determination at trial, because a deferred allowance of that motion would affect the government's right to appeal adverse rulings of motions to suppress specifically granted by 18 U.S.C. § 3731.

determination of motions to admit evidence simply would not make sense.

■ The government seeks to minimize the likelihood of a pretrial evidentiary hearing in this case by making an offer of proof that the evidence it will produce at the second trial of this defendant will be essentially the same as that introduced at his first trial. Thus, argues the government, this court can declare the tape admissible contingent on the government meeting its offer of proof at trial.[4] But the government's superficially attractive theory overlooks the fact that the parties have not stipulated to the facts which will be established at the time the tape is offered into evidence during the second trial. And so, although the government may make an offer of proof prior to trial, the defendant will be free to object to the government's proffer at the pretrial hearing, if not at trial. Thus, an evidentiary hearing is clearly foreseeable. Moreover, even the results of a pretrial evidentiary hearing would not necessarily control the ultimate question of admissibility at trial. No proffered testimony or pretrial evidentiary hearing can bind a volatile trial situation where unexpected evidence may crop up and surprise either side, or where necessary foundation witnesses become unavailable for trial. Indeed, requesting this court to make a ruling on admissibility contingent on the government satisfying its offer of proof is little less than asking for an advisory opinion based on a hypothetical set of facts not yet established by evidence presented before a jury. No trial court should be compelled to undertake such an academic exercise. The avoidance of such an academic exercise is itself good cause for deferral.

### III.

■ The government argues further that even assuming there is good cause for deferral, there may be no deferral here because it claims that the government has a right of appeal in this situation that would be adversely affected. Fed.R.Crim.P. 12(e). The government perceives this right of appeal in the provisions of 18 U.S.C. § 3731, which states in relevant part:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts (*sic.*) suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

The government theorizes that the denial of its motion to admit evidence has the effect of suppressing or excluding evidence, and would, therefore, be appealable under § 3731.[5] But, it is significant that the stat-

---

**4.** The government's request for a contingent ruling recognizes that this court has some freedom to alter at trial rulings made prior to trial. If, for example, this court were to deny a defendant's motion to suppress, which Fed.R. Crim.P. 12(e) requires the district courts to consider prior to trial, it could nevertheless reverse itself and suppress the evidence during the trial. *See DiBella v. United States*, 369 U.S. 121, 129–30 n.9, 82 S.Ct. 654, 659 n.9, 7 L.Ed.2d 614 (1962); *Cogen v. United States*, 278 U.S. 221, 224, 49 S.Ct. 118, 119, 73 L.Ed. 275 (1929); *Gouled v. United States*, 255 U.S. 298, 312–13, 41 S.Ct. 261, 266, 65 L.Ed. 647 (1921); *United States v. Jones*, 438 F.2d 461, 467 (7th Cir. 1971); *Rouse v. United States*, 359 F.2d 1014, 1015–16 (D.C.Cir.1966); *Anderson v. United States*, 352 F.2d 945, 947 & n.4 (D.C.Cir.1965). *Cf. United States v. Bradley*, 455 F.2d 1181,

1185–86 (1st Cir.1972), *aff'd*, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Similarly, if this court were to rule at this time that the government's evidence is admissible, there would be no barrier to a reconsideration and reversal of that ruling at the trial itself.

**5.** *See United States v. Humphries*, 600 F.2d 1238 (9th Cir.1979); *United States v. Abraham*, 541 F.2d 624 (6th Cir.1976). In *Abraham*, the Sixth Circuit said: "The District Judge has discretion to hear or decline to hear motions in advance of trial." *Id.* at 626. *Cf. Imperial Distributors, Inc. v. United States*, 617 F.2d 892, 895 (1st Cir.1980) (appealability of motion for return of property cannot turn on title of motion because Fed.R.Crim.P. 41(e) merges motion into one for suppression after indictment).

ute speaks only of "a decision or order . . . suppressing or excluding evidence." The government has cited no case where an appeal was permitted of a pretrial order allowing a motion to *admit* evidence, whether filed by the government or a defendant. Section 3731 clearly contemplates appellate review only when the government has been adversely affected by a pretrial substantive ruling that would suppress or exclude evidence sought to be presented at trial.

The defendant has made the tactical decision not to move for pretrial suppression. The government may not *require* the determination of that potential suppression issue in the defendant's stead. As has been stated (footnote 3, *supra*), if this court had ruled substantively on the government motion and denied admission of the tapes, the argument might lie that the court had issued an order suppressing or excluding evidence, thereby permitting appeal. But this court has not ruled substantively. Rather, for good cause, the question of the tape's admissibility has been deferred until trial. While this court has the discretion to decide the government's motion to admit, the provisions of § 3731 do not bar a determination to defer. Fed.R.Crim.P. 12(e).

Finally, it is worth noting that the government is not prejudiced by the deferral of its motion to admit. The defendant has no guarantee that the ruling on the tape recording will be the same as it was at the first trial of this case. This court has no sure way of predicting what the record will be at the second trial, what additional arguments may be made, or what relevant decisional law may come down prior to trial. This court is entitled to consider such information prior to making a ruling to admit evidence, and should not be put in the position of rendering a non-binding pretrial advisory opinion.