**UNITED STATES of America**

v.

**John R. BARLETTA.**

**Crim. No. 79–335–T.**

United States District Court,
D. Massachusetts.

Nov. 3, 1980.

Amos Hugh Scott, Asst. U. S. Atty., Boston, Mass., for government.

Julian Soshnick, Boston, Mass. (on trial), Marshall D. Stein, Feeherry & Stein, Boston, Mass. (on appeal), for defendant.

OPINION

TAURO, District Judge.

At issue is whether a district judge may, for good cause, defer until trial a ruling on

a pretrial motion to admit evidence brought by the government in a criminal case. The particular pretrial motion involved here is one to admit in evidence, at the retrial [1] of this multi–count indictment, certain tape recordings of a telephone conversation between the defendant and a government informer.

The position of the government is that this court has no discretion to defer its decision on that motion until trial. This court disagrees. Because the issue has potentially far–reaching ramifications with respect to the orderly and effective administration of justice in the district court, it is appropriate that this court detail the basis for its determination.[2]

### I. *Procedural History*

The defendant was indicted for mail fraud and conspiracy. Trial on that indictment commenced on March 4, 1980. The day prior to trial, the defendant filed a motion entitled "Motion For In Camera Hearing" which was first brought to this court's attention on the morning of trial during an unreported lobby conference. That motion requested this court to "conduct an in camera hearing" concerning the tape and "upon the conclusion of the hearing," to *either* declare the tape inadmissible *or* to "order the sanitizing of the tape . . . to exclude . . . all statements which are not admissions by the Defendant, John R. Barletta."

At that lobby conference, defendant's counsel advised the court that an accurate transcript of the subject tape was being prepared. Both counsel agreed that a decision as to the tape's admissibility be deferred until after that transcript had been prepared, and until after the government's foundation testimony had come in through its informer, Peter Aver.[3]

After the informer testified, the court heard the tape, read the transcript, listened to counsel's arguments and then excluded the tape.[4] The government moved for reconsideration prior to resting on March 11, 1980. This court again ruled the tapes inadmissible. After three days of deliberation, the jury was unable to agree on a verdict. Thereafter, a mistrial was declared.

One week later, the government filed the motion to admit with which we are now concerned. This court "denied" that motion, without opinion, on March 25, 1980. The government appealed. The defendant subsequently filed a motion for clarification of the March 25 denial, seeking to determine whether the court's denial endorsement was intended to be a substantive ruling or a decision to defer ruling until trial. In response, this court issued a Memorandum on June 24, 1980 clarifying that its March 25, 1980 "denial" was a deferral order and not a substantive decision either admitting or excluding the tape. 492 F.Supp. at 912. On July 11, 1980 the

---

1. The first trial ended in a mistrial due to the inability of the jury to reach a verdict.

2. As shall become apparent *infra*, this court has already outlined its position in a Memorandum issued on June 24, 1980, reported at 492 F.Supp. 910.

3. Although a reporter was not present during the March 4, 1980 lobby conference, the recollection of the court and both counsel as to that conference is detailed in a transcript of a later hearing held on August 6, 1980. The prime reason for the August 6, 1980 hearing was this court's objection to the government's persistent characterization, in its submissions to the Court of Appeals, of defendant's "Motion For In Camera Hearing" as being "a motion to exclude." This court regarded that motion as a request for a voir dire hearing. Defense counsel considered it a motion in limine. Tr. at

13 16. The Assistant U.S. Attorney conceded that defendant's motion was not a motion to suppress; that he had voiced no objection to deferral of the motion; and that nowhere in his submissions to the Court of Appeals did he advise that court that he had made no objection to this court concerning the deferral. Tr. at 10-12. This subsidiary matter is worthy of exposition in view of the government's strong reliance, in support of its petition for mandamus, on this court's alleged failure to deal with "defendant's motion to exclude" prior to the first trial. Conditional Petition for Writ of Mandamus, July 11, 1980 at 7.

4. The reasons for exclusion are not presently relevant, but are detailed in this court's July 24, 1980 Memorandum, reported at 492 F.Supp. 910.

government filed a mandamus petition with the Court of Appeals seeking to compel this court to rule on the merits of its motion to admit prior to retrial. The government's appeal and its mandamus petition are pending before the Court of Appeals.

The issue is once again before this court because the defendant, somewhere along the way, changed his position so as to concur with the government's view that this court had no discretion to defer a substantive ruling until after trial. The defendant so notified the Court of Appeals. In view of the changed circumstance, the Court of Appeals issued a Memorandum and Order on September 11, 1980 directing the parties to present their current positions to this court. Thereafter, this court held a lengthy hearing during which both the government and the defendant presented the view that this court must make a pretrial ruling on the government's motion to admit.

Notwithstanding the concurrence of the parties to the contrary, the court continues to feel that it has the authority to defer decision on such a pretrial motion to admit evidence. Because this motion focuses attention on a novel issue concerning the scope of a district judge's discretion as to the timing of rulings on pretrial evidentiary motions in criminal cases, it is appropriate that this court's rationale be explained more fully than was done in its June 24, 1980 Memorandum. *Id.*

## II. *Discussion*

The government's position is that, in a criminal case, a district court *must* rule, prior to jeopardy attaching, on a pretrial motion to admit evidence that is substantial proof of a material fact to be proved at trial.[5] This court's position is that a district judge may, for good cause, defer such a ruling until trial. And so, the issue is drawn.

The logical embarkation point for discussion is Rule 12 of the Federal Rules of Criminal Procedure. Rule 12(b) limits pretrial motions to those that relate to matters "capable of determination without trial of the general issue."[6] Rule 12(e) states, in relevant part, that pretrial motions shall be determined before trial "... unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue..." But the rule goes on to admonish that "... no such determination shall be deferred if a party's right to appeal is adversely affected."

And so the enabling rule, itself, sets up two subsidiary issues for consideration. First, is there good cause to defer? Second, would deferral adversely affect a party's right to appeal? In the case of the government, any effect on appeal rights must be considered in the context of 18 U.S.C. § 3731, which states in relevant part:

An appeal by the United States shall lie to a court of appeals *from a decision or order of a district courts (sic) suppressing or excluding evidence* or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. (Emphasis supplied.)

---

5. Transcript of Oct. 3, 1980 Hearing at 13. Under the government's theory, instances of when a pretrial ruling on a motion to admit would be required include identification testimony as well as testimony of an expert witness. Tr. at 14 21.

6. Under Fed.R.Crim.P. 12(b), certain matters "must be raised" prior to trial. These include *motions to suppress. Fed.R.Crim.P. 12(b)(3).* The government's effort to read "motions to suppress" to mean "motions to admit" is dealt with in detail, *infra.* For now it is sufficient to call attention to Fed.R.Crim.P. 12(d), "Notice by the Government of the Intention to Use Evidence." Fed.R.Crim.P. 12(d)(1) provides that the government may give such notice, "... in order to afford a defendant an opportunity to raise objections to such evidence prior to trial ...," by a motion to suppress. If nothing else, the government's pretrial motion to admit serves as a notice of intent to use evidence, and presents the defendant an opportunity to file a motion to suppress. The defendant in this case has not filed a motion to suppress.

There are no cases dealing with the precise issue as to whether a district judge *must* make a pretrial ruling on a motion by the government to admit evidence. No case has either affirmed or reversed a district court decision to defer.[7] There are cases in which there has been appellate review of a substantive decision by a district court on a government motion to admit evidence, but those cases are distinguishable from the issue here. In each of them the district judge chose to make some form of pretrial order that served to exclude evidence. *U. S. v. Humphries*, 600 F.2d 1238 (9th Cir. 1979), *vacated on other grounds*, 445 U.S. 956, 100 S.Ct. 1640, 64 L.Ed.2d 231 (1980); *United States v. Day*, 591 F.2d 861 (D.C.Cir. 1978); *U. S. v. Abraham*, 541 F.2d 624 (6th Cir. 1976). In *U. S. v. Aranoff*, 466 F.Supp. 855 (S.D.N.Y.1979), the district court ruled on the government's pretrial motion in limine. In *U. S. v. Thrower*, 442 F.Supp. 272 (E.D.Pa.1977), aff'd, 568 F.2d 771 (3rd Cir. 1977), the government's pretrial motion to use a tape recording was "withdrawn" at the government's request.

In *Abraham*, the defendant objected to the district judge's decision to hear, prior to trial, the government's motion concerning the admissibility of certain recordings. It is significant to note that, in determining that the district judge did not err by making a pretrial ruling, the Court of Appeals stated, "*The District Judge has discretion to hear or decline to hear motions in advance of trial* and we find no abuse of discretion in the procedure followed here." 541 F.2d at 626 (emphasis supplied).

Consistent with the teaching of *Abraham*, this court declined to rule on the government's motion to admit. Its March 25, 1980 Order, clarified by its June 24, 1980 Memorandum, was not "a decision or order suppressing or excluding evidence." 18 U.S.C. § 3731. Rather, it was a non-substantive determination to defer, for good cause, any ruling on the government's motion until trial.

Given this legal and factual context, it is now appropriate to discuss first, whether there was good cause to defer and, second, whether any appeal rights of the government were thereby adversely affected. These matters will be considered seriatim.

### (A) *Good Cause*

Proper analysis of what constitutes good cause to defer must start with an examination of the scope and purpose of Rule 12 of the Federal Rules of Criminal Procedure. A basic premise of that rule is that, with few exceptions, pretrial motions in criminal cases are limited to matters capable of determination without trial of the general issue. Fed.R.Crim.P. 12(b). The wisdom of such a policy is particularly apparent in these days of heavy case loads and clogged calendars. *See United States v. Gordon*, 634 F.2d 638, at 639 (1st Cir. 1980). It makes sense that pretrial proceedings be designed to avoid, whenever possible, the time-consuming chore of hearing the same evidence twice, first before and then during trial.

Consistent with that philosophy of judicial economy, Rule 12 requires that motions to suppress evidence be raised prior to trial. Fed.R.Crim.P. 12(b)(3). The requirement that a motion to suppress be made before trial " . . . is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt." *Jones v. United States*, 362 U.S. 257, 264, 80 S.Ct. 725, 732, 4 L.Ed.2d 697 (1960). Typically, motions to suppress focus on a narrow range of issues, collateral to guilt or innocence, such as whether the government obtained its evidence as the result of an illegal search, or whether unconstitutional means were used to obtain a confession. The factual presentation, therefore, often differs from that at trial. Indeed, defendants are more apt to testify at motions to suppress than at trial, given the protections of *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Very

---

**7.** If on nothing else, the parties and the court agree that "we are writing on a clean slate."

Transcript of October 3, 1980 Hearing at 13.

often, allowance of a pretrial motion terminates the prosecution, assuming affirmance on appeal.[8] And so, although motions to suppress very often require pretrial evidentiary hearings, the same ground is not necessarily tracked twice, and the motion itself may obviate the necessity for a trial.

A motion to admit evidence, such as we are dealing with here, has no such saving grace. Indeed, such motions most often would require a pretrial evidentiary hearing to establish a factual predicate for admitting the proffered evidence at trial. Implicit in the nature and purpose of a motion to admit is the reality that the same evidence will be heard twice, first at pretrial and later before the jury.

In this case, the government argues that a pretrial evidentiary hearing would not be necessary, because of its offer of proof that the evidence it will produce at the second trial of this defendant will be essentially the same as that introduced at his first trial. Thus, argues the government, this court could declare the tape admissible, contingent on the government meeting its offer of proof at trial. But the government's superficially attractive theory overlooks the fact that the parties have not entered into any stipulation concerning the necessary foundation evidence. Indeed, the awesome criminal record of this informant, Mr. Aver, makes his foundation testimony a matter of continuing challenge on credibility grounds. That factor alone points up this case as being one in which the results of a pretrial evidentiary hearing would not necessarily control the ultimate question of admissibility at trial. No proffered testimony or pretrial evidentiary hearing can bind a volatile trial situation where unexpected evidence may crop up and surprise either side, or where a necessary foundation witness may become unavailable for trial, or may even change his story in some critical fashion.

Requesting this court to make a ruling on admissibility contingent on the government satisfying its offer of proof is little less than asking for an advisory opinion based on a hypothetical set of facts not yet established by evidence presented before a jury. The avoidance of such an academic exercise is itself good cause for deferral.[9]

In considering the question of good cause, it is appropriate to reflect a bit on the almost mind–boggling administrative nightmare that would result if a district court were required to rule prior to trial on a pretrial motion to admit evidence, without being able to balance the benefit to be gained against the judicial resources to be expended. The potential magnitude of the problem becomes apparent when we consider what adoption of the government's theory would require of a district court faced with a pretrial motion to admit an alleged co–conspirator's statements against the defendant.

In *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977), the Court of Appeals held that district judges should not admit out of court declarations of co–conspirators under Fed.R.Evid. 801(d)(2)(E) without first finding that "... it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made, and that the statement was in furtherance of the conspiracy ..." *Id.* at 23. The First Circuit amplified its *Petrozziello* decision in *United States v. Ciampaglia*, 628 F.2d 632 (1st Cir. 1980), which held that the defendant's evidence must be taken into consideration in apply-

8. The government may appeal allowance of a motion to suppress. 18 U.S.C. § 3731. For a more detailed discussion of this issue, see Section II(B), *infra*.

9. The government's request for a contingent ruling recognizes that this court has some freedom to alter at trial rulings made prior to trial. And so, even if this court were to rule at this time that the government's evidence is admissible, there would be no barrier to a reconsideration and reversal of that ruling at the trial

itself, on the same evidence, if the court determined it had erred, or if an intervening decision of the Court of Appeals cast new light on the issue of admissibility. Similarly, a denial without prejudice of the government's pretrial motion would not preclude an attempt to introduce the tapes at trial, utilizing the same or additional foundation testimony. These circumstances underscore the advisory nature of the government's motion in this case.

ing the *Petrozziello* standard. The court concluded, therefore, that the district judge should "... delay *Petrozziello* rulings until the conclusion of all the evidence ..." *Id.* at 638.

According to the government's theory of Rule 12, if the prosecution in a conspiracy case files a pretrial motion to admit the statements of co–conspirators against the defendant, the district judge *must* rule on the motion prior to trial. In order to comply with the mandate of *Ciampaglia*, therefore, the district judge would have to hear evidence prior to trial presented by both parties to determine whether there was a conspiracy and, if so, who were its members, and when they became members. The court would then have to hear this evidence again at trial of the general issue before the jury. Moreover, if the defendant were charged only with conspiracy, the evidence offered at the pretrial hearing and the trial itself presumably would be identical.[10] Anyone at all familiar with criminal practice appreciates how extensive the evidence may be in a conspiracy case. The avoidance of such time–consuming duplication of effort is good cause for deferral.

Under the government's interpretation of Rule 12, a district judge would also have to hold potentially extensive pretrial hearings, given a motion to admit, in order to decide such issues as whether a government witness qualifies as an expert; whether there is a proper foundation for admitting identification evidence; whether certain proffered evidence is contraband; and whether a defendant had the mental capacity to form a criminal intent. The critical point is that, even if these issues were decided in the government's favor after a pretrial evidentiary hearing, the government would have to establish again at trial that its witness is an expert, that there is a foundation for admitting the identification evidence, that the proffered evidence is contraband, and that the defendant had sufficient mental capacity. Manifestly, the defendant would be entitled to have that evidence presented de novo to a jury for its consideration. No time would be saved and no useful purpose served. The pretrial hearing would be nothing more than a dress rehearsal for trial.

This court does not read Rule 12 as requiring such extensive and wasteful duplication. Indeed, the spirit of that rule is expressly to the contrary, as is demonstrated by its limitation of pretrial motions to matters "capable of determination without trial of the general issue."

■■■ Rule 12 was designed to avoid the wasteful duplication of effort inherent in the government's theory that would mandate pretrial determinations of motions to admit without regard to any good cause there may be to defer. Certainly, a district judge's concern for clogged dockets and the already too limited number of available court hours should support a determination to defer an unnecessary evidentiary hearing until trial. Our courts are overburdened. Judges, therefore, have an obligation to expend judicial resources prudently. This includes ensuring that valuable court time is not wasted. A determination to defer in order to avoid such waste is manifestly one made for good cause.

## (B) *The Government's Appeal Rights*

The government argues that whether there is good cause is irrelevant in this case, because deferral would adversely affect its appeal rights provided under 18 U.S.C. § 3731, which states in pertinent part:

> "An appeal by the United States shall be to a court of appeals from a decision or order of a district courts (sic) *suppressing or excluding evidence....*" (Emphasis supplied.)

---

**10.** In such a case, the trial judge might decide that the motion to admit the statements of the defendant's co-conspirators may not properly be raised prior to trial, on the ground that the motion is not "capable of determination without the trial of the general issue." *See* Fed.R. Crim.P. 12(b); *United States v. Covington*, 395

U.S. 57, 60, 89 S.Ct. 1559, 1560, 23 L.Ed.2d 94 (1969). This court will assume, without deciding, that the government's motion to admit the tape recording here is "capable of determination" within the meaning of Fed.R.Crim.P. 12(b).

Rule 12 of the Federal Rules of Criminal Procedure mandates that motions to suppress evidence be raised prior to trial. Fed. R.Crim.P. 12(b)(3). It goes on to require that pretrial motions be determined before trial unless the district court, for good cause, defers such determination until trial. Fed.R.Crim.P. 12(e). But, a district court may never defer such determination, regardless of good cause, if to do so would adversely affect a party's right to appeal. *Id.*

It is clear to this court that Rule 12 and § 3731, working in tandem, require that motions to suppress be raised and determined prior to jeopardy attaching, regardless of any good cause that may exist for deferral. The rule was last amended in 1974, which was after the passage of § 3731. The legislative history of that revision demonstrates that Congress was most mindful of the rights it had granted the government under § 3731 to appeal orders excluding or suppressing evidence. And so, it molded the rule into its present form by providing that, regardless of good cause, pretrial rulings could never be delayed if to do so would adversely affect such appeal rights.

... The Committee modified subdivision (e) to permit the court to defer its ruling on a pretrial motion until after trial only for good cause. Moreover, the court cannot defer its ruling if to do so will adversely affect a party's right to appeal. *The Committee believes that the rule proposed by the Supreme Court* [which provided that rulings on pretrial motions could be deferred until trial] *could deprive the government of its appeal rights under statutes like section 3731 of title 18 of the United States Code.* Further, the Committee hopes to discourage the tendency to reserve rulings on pretrial motions until after verdict in the hope that the jury's verdict will make a ruling unnecessary.

H.R.Rep.No.94–247, 94th Cong., 1st Sess. (1975), *reprinted in* [1975] U.S.Code Cong. & Ad.News, pp. 674, 680 (emphasis supplied).

The Supreme Court's suggested revision of Rule 12(e), referred to *supra*, would have left the timing of rulings on pretrial motions to the discretion of the trial court. Rule 12(e), as proposed by the Supreme Court, was described by the Advisory Committee as follows:

It will be observed that subdivision (e) confers general authority to defer the determination of any pretrial motion until after verdict. However, in the case of a motion to suppress evidence the power should be exercised in the light of the possibility that if the motion is ultimately granted a retrial of the defendant may not be permissible.

*Federal Rules of Criminal Procedure Amendments: Hearing Before the Senate Committee on the Judiciary,* 94th Cong., 1st Sess. 62 (June 20, 1975) (reprint of Advisory Committee Note to Rule 12(e) as proposed by the Supreme Court). But that approach caused concern in the Congress with respect to its potential impact on motions to suppress evidence. At a Congressional hearing, the Department of Justice recommended a change in Rule 12 so as to protect the government's right to appeal adverse rulings on defendant's motions to suppress:

The second provision concerning rule 12 which we have a problem with is subdivision (e), which indicates that the general authority is conferred on the court to defer the determination of pretrial motions until trial or even after verdict. *And while we do not have problems with what we think was the intention of the rule, we are concerned that the rule could be construed in such a way as to deprive the Government of its right to appeal under 18 United States Code, section 3731, which does permit the Government to appeal a pretrial order granting the motion to suppress if that appeal is taken before jeopardy attaches.* (Emphasis supplied.)

*Proposed Amendments to Federal Rules of Criminal Procedure: Hearings on H.R. 6799 Before the Subcommittee on Criminal Justice of the House Committee on the Judiciary,* 93rd Cong. 2d Sess. 160 (Sept. 17, 1974) (statement of Henry F. Greene, Executive Assistant U.S. Attorney, District of Columbia).

■ Rule 12's singling out a motion to suppress as being among the few that must be raised prior to trial manifests a congressional scheme to make meaningful the appellate rights granted under § 3731. To permit defendants to raise motions to suppress after jeopardy has attached would clearly obviate the purpose of § 3731, which was to give the government a right to appeal orders excluding or suppressing evidence.[11] The double jeopardy clause would make § 3731 an impotent tool if the defendant were not required to raise the issue of suppression prior to trial.

And so it is clear that Rule 12 and § 3731, working together, accomplish the Congress' purpose to require that motions to suppress be raised and decided prior to trial. The government somehow sees that congressional intent as applying to its pretrial motions to admit.[12] This court concludes that the government's theory has no support in legislative history, case law, or logic.

Nowhere in the legislative history proffered by either the government or the defendant is there any mention at all of motions to admit evidence brought by the government. To the contrary, the legislative history reflects only the purpose, of both the Department of Justice and the Congress, that district judges not have any discretion to defer ruling on motions to suppress evidence brought by defendants. The motivating concern was the protection of rights granted the government under § 3731 to appeal orders excluding or suppressing evidence. If either the Depart-

ment of Justice or the Congress were concerned about attaching appellate rights to the filing of a government motion to admit, that consideration was not made a matter of record.

The government concedes that there is no precedent in case law supporting its position. As has been pointed out *supra*, all cases relied on by the government [13] involved appellate review of district court pretrial orders having the effect of either suppressing or excluding government evidence. Those cases are critically distinguishable from the instant situation. There the district judges, in their discretion, chose to rule substantively. Here, this district court, for good cause, chose to defer a substantive ruling until trial.

If this court had, instead, made a substantive ruling excluding the tape at retrial, the practical effect would, of course, have been comparable to allowing a motion to suppress brought by the defendant. In such a case, § 3731 clearly would give the government the right of appeal. The cases relied on by the government do nothing more than reflect that conventional wisdom with which there can be no reasonable disagreement.

The facts of this case are entirely different. Here, there has been no substantive ruling on the government's motion. There has been no order suppressing or excluding the tape. There has been no motion to suppress filed by the defendants that would require a pretrial ruling. There has merely

11. This court interprets § 3731 as granting the government the right to appeal any pretrial order excluding or suppressing evidence, whether that order was one allowing a defendant's motion to suppress; was a denial with prejudice of a government motion to admit evidence; or was a sua sponte order by the court suppressing or excluding evidence. None of those situations is present in the instant case.

12. The defendant's position articulated at hearing goes even further than that of the government. See Transcript of Oct. 3, 1980 Hearing at 75-84. Defendants see a congressional intent to give the government the same rights of appeal as defendants and, because of the double jeopardy clause, these broad appellate

rights were granted on a pretrial basis through the tandem operation of Rule 12 and § 3731. That position is novel, to say the least. It finds no support in the cases. There is no comment, pro or con, in the Congressional Record or law reviews, on what would clearly be a remarkable change in traditional concepts of fundamental jurisprudence. This court's reaction to defendant's theory is reflected in the cited pages of the transcript and need not be repeated here. Suffice it to say that if there is ever going to be a judicial decision construing the relevant legislative history in such a remarkable way, it will not be the district court opinion in this case.

13. See p. 742, *supra*; Brief for Petitioner, *In re United States*, No. 80-1456 (1st Cir.) at 12-13.

been an order deferring, for good cause, a ruling until trial.

What the government really seeks here is to establish a precedent that would grant to the U.S. Attorney the right to have a ruling, prior to jeopardy attaching, concerning the admissibility of any substantial evidence later to be offered at trial, whether that evidence be a gun, confession, fingerprint or tape. While the government's quest may be understandable from an advocate's point of view, the Congress has yet to see its merit. Rather, the Congress has, thus far, limited its concern to ensuring that the government's right to appeal is protected in the event the defendant seeks a suppression of evidence. Rule 12(d) permits the government to give notice of its intention to use evidence "in order to afford the defendant an opportunity to raise objections to such evidence" by means of a motion to suppress. Such motions must be raised and decided prior to trial. Congress has gone no further.

And there is a logical basis for the Congress to have singled out motions to suppress as matters for special concern and legislative attention. There are fundamental differences between motions to suppress and motions to admit. One of the most fundamental is that allowance of a motion to suppress may, and often does, end the case through resolution of a collateral legal issue having nothing to do with whether or not the defendant committed the substantive offense, i.e., an illegal search, coerced confessions, etc. Congress wanted such controlling legal issues ruled on by the district court prior to trial in order that there could be appellate review.

Most motions to suppress involve pretrial evidentiary hearings. But the burden such hearings impose on a district court is balanced by the opportunity afforded the court and parties to obtain a definitive ruling on a legal point that may be dispositive of the case. Moreover, the pretrial evidentiary hearing in a motion to suppress focuses on matters that may not be raised again at trial, whether the motion is allowed or denied. Typically, much of the testimony necessary to resolve a collateral issue, such as the legality of a search, need not be repeated in its entirety at trial.

Motions to admit evidence, on the other hand, are an entirely different breed. Congress did not intend to mandate pretrial hearings and rulings on motions to admit, because it would have made no sense to do so. There is no compensating benefit to be gained by imposing that additional burden on the district court's already clogged calendars. Congress recognized that fact and also that Rule 12 already requires pretrial determination of a motion to admit unless there is good cause to defer. Of significance as well is the fact that the evidence presented at a pretrial hearing on a motion to admit would always have to be repeated at trial, unless the motion were denied *with prejudice*. A precedent mandating that a district judge hear the same evidence twice would be an imprudent imposition on the limited resources of the judicial system.

Given the totality of these circumstances, it is reasonable to infer that if the Congress had intended to mandate pretrial hearings upon the filing of a motion to admit by the government, it would have manifested its purpose by some language in Rule 12, § 3731, or the legislative history related thereto. As has been demonstrated, the record is eloquently silent on the subject, and common sense argues against imputing such a radical and unwise intent to the Congress.

*Conclusion*

■ This court holds that its decision to defer a ruling on this government motion to admit evidence does not adversely affect any appellate right of either party, and that there is good cause justifying such deferral.

An order will issue.