**UNITED STATES of America**

v.

**John R. BARLETTA.**

**Cr. No. 79–335–T.**

United States District Court,
D. Massachusetts.

April 14, 1981.

Amos Hugh Scott, Asst. U. S. Atty., Boston, Mass., for the U. S.

Marshall D. Stein, Hale, Sanderson, Byrnes & Morton, Boston, Mass. (on appeal), Julian Soshnick, Boston, Mass. (counsel at first trial), for defendant John R. Barletta.

MEMORANDUM

TAURO, District Judge.

Two issues, one substantive, the other procedural, have permeated the prior proceedings and rulings in this case. The substantive issue concerned the admissibility of a tape recording of a telephone conversation between the defendant and a government informer. The procedural question presented was whether, in a criminal case, a district judge may, for good cause, defer until trial a ruling on a pretrial motion to admit evidence filed by the government. Both of these issues were addressed in sum-

mary fashion in this court's first opinion in this case. *See* 492 F.Supp. 910 (D.Mass. 1980). The procedural issue was discussed more fully in a second opinion. *See* 500 F.Supp. 739 (D.Mass.1980).

With respect to the procedural issue, the government took the position that, in a criminal case, the district court *must* rule, prior to jeopardy attaching, on a pretrial motion to admit evidence that is substantial proof of a material fact to be presented at trial. This court disagreed, holding that ". . . a district judge may, for good cause, defer such a ruling until trial." 500 F.Supp. at 741.

■ The First Circuit recently affirmed this court's conclusion that the government does not have an absolute right to a pretrial determination of a motion to admit evidence.[1] It did determine, however, that such a right exists when the motion presents issues capable of determination without trial of the general issue. The Court of Appeals felt that the substantive issue here fit within that definition and so instructed this court to rule on the government's pretrial motion to admit.

■ And so, this court once again addresses the substantive issue in this case. In response to the Court of Appeals' mandate, this court enters the following order with respect to the government's motion to admit subject tape:

Defendant's objection to the government's Motion to Admit Tape Recording Into Evidence is sustained; said motion is, therefore, denied.

In sustaining defendant's objection and denying the government's motion, the court relies on its Memorandum of June 24, 1980.[2] As that memorandum reflects, this court's denial of admission during trial was based on the evidence presented at that trial, including the informant's testimony, the transcript of the tape, and an audio review of the tape.

After reviewing that evidence, this court stated:

... While the informer's comments and questions were clearly intended to serve as an inculpatory net, they were so convoluted and complex that the import of defendant's responses was at best ambiguous. Indeed, defendant's clearest responses appeared exculpatory.

And so I excluded the tape for two reasons. First, I was persuaded that the tape could not fairly be viewed as an admission despite the attempts of the informer to provoke an inculpatory response. Second, given the totality of the aforementioned circumstances, I regarded the potential prejudicial impact of the tape, particularly its ethnic reference, to substantially outweigh any probative value. *See* Fed.R.Evid. 403. For both reasons, I sustained defendant's objection.

492 F.Supp. at 912.

No other evidence has been presented to the court since then,[3] and no additional

---

**1.** *United States v. Barletta*, 644 F.2d 50 (1981).

**2.** *See* 492 F.Supp. 910, 911–12.

**3.** Indeed, a factor in the Court of Appeals' mandate apparently was a representation that ". . . the parties are agreed that no change from the first trial is likely on retrial." 644 F.2d at 60. Even with respect to impeachment of the foundation witness, Aver, the Court of Appeals relied on its assumption that ". . . all evidence relating to this issue was fully presented at the first trial." *Id.*

Of some concern to this court is defense counsel's March 25, 1981 letter to the Court of Appeals, written after issuance of its opinion, indicating that he ". . . may have left an incorrect impression . . ." with the court at the time

of argument with respect to the likelihood of additional impeachment testimony at retrial. Indeed, he points out that ". . . additional and substantial impeachment materials . . ." have come to his attention since the first trial. *See* Appendix.

Such a possibility was anticipated and addressed by this court in its November 3, 1980 opinion:

In this case, the government argues that a pretrial evidentiary hearing would not be necessary, because of its offer of proof that the evidence it will produce at the second trial of this defendant will be essentially the same as that introduced at his first trial. Thus, argues the government, this court could declare the tape admissible, contingent on the government meeting its offer of proof

arguments have been presented which would warrant a change in its prior evidentiary ruling. Defendant's objection is therefore again sustained, and the government's motion to admit is denied.

An order will issue.

## APPENDIX

*Julian Soshnick*
*Attorney at Law*

*185 Devonshire Street, Boston, Massachusetts   02110*
*(617) 542–2000*

March 25, 1981

Honorable Justices of the
   United States Court of Appeals
   for the First Circuit
John F. McCormack Post Office and
   Court House Building
Boston, Massachusetts

Re: United States of America, Petitioner,
   Conditional Petition for Writ of Mandamus
No: 80–1456 Original

Re: United States of America
Vs: John R. Barletta
No: 80–1220

Gentlemen of the Court:

I find myself in a rather peculiar position in addressing the Court in this fashion, particularly in view of what I think is a well-reasoned opinion in the captioned cases. The Defendant acquiesces in the Court's judgment in the matter and, of course, will not seek further appeal. However, it is possible that counsel for Mr. Barletta may have left an incorrect impression with the Court at the time of argument. This assumption is made in view of the language pleaded guilty; all of which occurred since the trial in the Court below.

It may well be that these factors may not have weighed heavily in your opinion, should

they have been known to all of us at the time it was authored, however, we feel contained in the last twelve lines of Page 19 of the Court's opinion.

Since the date of trial in the District Court, additional and substantial impeachment materials have come to the attention of counsel through the media. We believe that Mr. Aver, at the time of the trial in the District Court, and following it, was involved in criminal activity in the states of Georgia and Florida. In fact, Mr. Aver was indicted in a U. S. District Court in Florida, and we believe that he may well have

---

at trial. But the government's superficially attractive theory overlooks the fact that the parties have not entered into any stipulation concerning the necessary foundation evidence. Indeed, the awesome criminal record of this informant, Mr. Aver, makes his foundation testimony a matter of continuing challenge on credibility grounds. That factor alone points up this case as being one in which the results of a pretrial evidentiary hearing would not necessarily control the ultimate question of admissibility at trial.
500 F.Supp. 739, 743.

an obligation to call these matters to your attention.

Very truly yours,
JULIAN SOSHNICK