**UNITED STATES of America,**

v.

**Mary Jane JOHNSON and Rickey Joe Bradshaw, Defendants.**

**No. 4:99–CR–00015–WRW.**

United States District Court,
E.D. Arkansas,
Western Division.

Dec. 12, 2000.

Hubert W. Alexander, Alexander Law Firm, Johnson D. Ogles, Ogles Law Firm, Jacksonville, Rickey Joe Bradshaw, Clayton, NC, for Rickey Joe Bradshaw, defendants.

Angela S. Jegley, U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, for U.S. Attorneys.

## AMENDED ORDER

WILSON, District Judge.

The Government has requested a pre-trial ruling on the admissibility of the expert testimony it plans to offer at trial. For the reasons set forth below, and for good cause shown, the Government's motion to include expert testimony is DEFERRED until trial.

## BACKGROUND

The defendants were indicted on February 10, 1999, and charged with a single count of conspiracy to distribute methamphetamine in violation of 18 U.S.C. § 846. On May 18, 1999, separate defendant, Bradshaw, filed a Rule 16 discovery motion requesting the statements made by the defendants; the defendants' prior criminal records; documents and other objects relied upon by the government; and scientific or medical reports and examinations.[1] The motion did not request Rule 16 disclosure of expert evidence.

On May 21, 1999, the Government responded to both defendants, and agreed to produce all of the information sought, and, even though it was not requested, the response stated that the Government would give the defendants access to its expert evidence.[2] On June 16, 1999, I issued an Order that stated, in pertinent part: "... the Government, by its Responses, has agreed to comply with, or exceed, the requirements of Rule 16 ...[t]he Government is hereby ordered to provide what it has agreed to do in its Responses."

On December 10, 2000, six days before trial, the Assistant United States Attorney ("AUSA") faxed each of the defendants' attorneys a letter which disclosed, for the first time, the Government's intention to call DEA Agent Roger Case as an expert witness.[3] Agent Case had worked on the investigation and prosecution of both defendants, and the defendants knew that he was going to testify at trial as a fact witness. Defendants did not know, however, that he would be called as an expert. On December 13, 2000, the defendants jointly moved to suppress Agent Case's proposed expert testimony, and argued that the Government had violated Rule 16(a)(1)(E), its agreement to disclose expert evidence, and my Order of June 16, 2000.

A telephone conference was conducted on December 14, 2000, two days before trial, where I heard arguments on the defendants' joint motion. In the end, I excluded Agent Case's expert testimony stating:

> ... under the rules you may well not have been required to disclose, but from my reading of your paragraph ... you just make a flatfooted assertion that you're going to provide expert evidence. I don't see how a lawyer could read that otherwise.

The next day the Government forced a continuance of the trial by filing an interlocutory appeal under 18 U.S.C. § 3731 in which it certified to the Eighth Circuit that the suppressed expert testimony of Roger Case represented "substantial proof of a material fact." Relying solely on the Government's certification, the Eighth Circuit accepted jurisdiction of the appeal. That Court later rendered an opinion in which it agreed that the Government failed to keep its promise, and violated the Order which incorporated that promise, but reversed my decision to exclude Agent Case's expert testimony because it deemed the sanction too severe, and

---

**1.** Separate defendant, Mary Jane Johnson, did not request discovery.

**2.** In its response of May 21, 2000, the Government agreed to provide: "any statements made by the Defendant to government agents, the Defendant's criminal history, the government's tangible evidence, items which may be material

to the defense, and scientific or *expert evidence.*" (Emphasis added).

**3.** The letter stated that Agent Case would testify about the methods of distribution employed by methamphetamine gangs, indicia of distribution, the street value of methamphetamine, and several other matters.

because I did not specifically identify any basis of prejudice to the defendants.[4]

After the Eighth Circuit mandate was received, I wrote the parties and instructed them to refrain from referring to the expert evidence during voir dire or opening statements. I also advised that I would conduct a hearing (outside the presence of the jury) if the Government wanted to offer the expert testimony of Agent Case at trial.

On October 27, 2000, the Government filed a motion entitled: "Government's Notice of Intention to Use Expert Evidence and Motion for Pre-trial Ruling on its Admissibility." Relying upon Rule 12 of the Federal Rules of Criminal Procedure, the Government argued that, since it has given the defendants advance notice of its intent to use the expert testimony, I am required to make a pre-trial ruling on the admissibility of that evidence.

## ANALYSIS

During the hearing on November 8, 2000, the Government called Agent Case to testify about his expert qualifications, among other things, and to offer his opinions about the defendants' alleged drug activities. After he finished testifying, the AUSA argued:

> I think we've tried to give some context to the Court for the—his opinion and how it would relate to the evidence that was recovered in the case, and *I don't expect* that the evidence is going to fall out any differently at trial than we put on the other cooperating witnesses, and so *I'm asking the Court to exercise its discretion* and make a ruling at this time. (Emphasis Added)

That argument reveals two important points. First, it demonstrates a reality of criminal trials—no one, not even the Government, can say definitively how the evidence

will shake out at trial. Without some form of stipulation between the parties, the AUSA's expectations are far from guarantees. As discussed below, it is virtually impossible, at least at this point in time, to know if the expert's opinions will be admissible in whole, in part, or not at all.

The second point revealed by the AUSA's argument is that the Government apparently recognizes that, despite the blanket language of Rule 12(e),[5] I have discretion to rule upon this motion now or defer a substantive decision until trial.[6] At first blush, this view seems at odds with the command of Rule 12(e) that "no such determination [of a pretrial motion] shall be deferred [until trial or verdict] if a party's right to appeal is adversely affected." But, as discussed below, there are two distinct reasons why the Government's motion is not within Rule 12(e)'s mandate.

First of all, not all pretrial motions are covered by Rule 12(e) because that section is limited by Rule 12(b) which requires pre-trial determination of "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue." The current motion to include evidence is not a "defense" or an "objection," and, though it is generically a "request" for a ruling, it is my opinion that the motion cannot be properly decided until I see how the evidence unfolds at trial. Therefore, I will adopt the logic of the First Circuit which explained:

> We agree with the Ninth Circuit[7] ... because the motions covered by Rule 12(e) are only those included within Rule 12(b), which is limited to motions raising matters "capable of determination without the trial of the general issue." Many rulings on evidence cannot be made until the course of the trial reveals whether the disputed

---

4. *See U.S. v. Mary Jane Johnson and Rickey Joe Bradshaw*, 228 F.3d 920 (8th Cir.2000).

5. Rule 12(e) states:
   A motion made before trial shall be determined before trial unless the court, for good cause, orders that it be deferred for determination at the trial of the general issue or until after verdict, but no such determination shall be deferred if the party's right to appeal is adversely affected....

6. *See United States v. Layton*, 720 F.2d 548, 553 (9th Cir.1983)(if the Government makes pretrial motions to include evidence, the district judge has discretion in deciding whether to rule on those permissive motions before trial); *U.S. v. Valencia*, 826 F.2d 169, 172 (2nd Cir.1987) (same).

7. *United States v. Layton*, 720 F.2d 548, 553 (9th Cir.1983).

evidence is relevant, cumulative, or prejudicial. The district judge *must* have discretion in deciding whether a pretrial ruling on evidence may be made in advance of trial.[8]

The second reason why Rule 12(e)'s language does not mandate a pretrial decision of the Government's motion is that the Government's appeal rights are not affected if I defer a decision on this motion until trial.[9] While it is true that Rule 12 and 18 U.S.C. § 3731 [10], working in tandem, require that *motions to suppress* be raised and determined prior to the time that jeopardy attaches, regardless of any good cause that may exist for deferral,[11] the pending motion seeks to *include*, not suppress, evidence. And, because I am merely deferring my decision as to the evidence's admissibility until trial, the Government's statutory right to appeal under § 3731 has not attached, i.e., one can't violate a right that doesn't exist.

As noted above, the Eighth Circuit held in this case that it would accept at face value the Government's certification that a district court pre-trial ruling affects "substantial proof of a material fact" as required for an interlocutory appeal under 18 U.S.C. § 3731. The Court concluded "the government has so certified; that suffices." In support of its decision on this point the Court cited the decisions of two other circuits.[12] On the other hand, the Ninth Circuit has held:

> [o]ne of the conditions [for appeal via section 3731] is the evidence suppressed must

be substantial proof of a fact material in the proceeding. This condition must be met before appeal of the suppression order can properly be taken .... [T]he suppressed evidence (dynamite) is not substantial proof of any material fact in the nondynamite counts of the indictment. The trial court found as much. Given the government's failure to satisfy this condition, its appeal of the suppression order as it relates to the nondynamite counts was improper.[13]

I hope that, in a later case, the Eighth Circuit Court of Appeals will reconsider and adopt the Ninth Circuit's view. Automatic acceptance of the prosecution's certification has surface appeal in its simplicity, but, as a practical matter it can work much mischief. Too often it will tend to put control of the district court's criminal docket in the hands of the prosecution. This case is a good example. We were on the eve of trial, with all systems on "go," but the interlocutory appeal aborted the trial.[14]

All indications, thus far, are that the remaining defendants will not contest the Government's contention that there was a conspiracy to distribute illegal drugs—they apparently will contend, simply, that they were not a part of that conspiracy. If this is the case, Agent Case's opinion that, based upon the amount of drugs involved, and other factors, there was a conspiracy to distribute, would be surplusage at best. Addition-

---

**8.** *See U.S. v. Valencia,* 826 F.2d 169, 172 (2nd Cir.1987)(emphasis added)(limited on other grounds); *See also, U.S. v. Barletta,* 644 F.2d 50, 57–58 (1st Cir.1981) (holding that a court may, for "good cause," defer decision of a constitutional objection if production of evidence will clarify the issue, or if factual uncertainties require "trial of any nontrivial part of 'the general issue....'"); Wright, Federal Practice and Procedure: Criminal 2d § 194.

**9.** *See U.S. v. Barletta,* 500 F.Supp. 739 (finding that, if there is good cause, motions to include evidence can be deferred without adverse effect to the Government's appeal rights).

**10.** 18 U.S.C. § 3731 states, in pertinent part: "An appeal by the United States shall be to a court of appeals from a decision or order of a district courts (sic) *suppressing or excluding* evidence...." (Emphasis added).

**11.** *See U.S. v. Barletta,* 500 F.Supp. 739, 745 (D.Mass.1980)(holding that the Government's appeal rights were not violated by a trial court's decision to defer ruling on admissibility of evidence until trial).

**12.** *See U.S. v. Kepner,* 843 F.2d 755 (3rd Cir. 1988); *In re Grand Jury Investigation,* 599 F.2d 1224 (3rd Cir.1979); *U.S. v. Comiskey,* 460 F.2d 1293 (7th Cir.1972).

**13.** *U.S. v. Loud Hawk,* 628 F.2d 1139, 1150 (9th Cir.1979) (en banc); *see United States v. Adrian,* 978 F.2d 486, 490 (9th Cir.1992).

**14.** One wonders, too, if the Government wants a last minute continuance, would the identification of a new expert on the eve of trial require a continuance (a denial of the request to call the witness being a sanction too severe)?

ally, it appears that much of his proposed "factual" testimony would support an intent to distribute vice "personal use."

In fine on this point, it seems that the appeal was much ado about nothing, or very little, and it caused considerable delay in a trial that was ready to commence. It seems to me that it would be better to require at least some showing of reasonable grounds by the Government as a prerequisite to an interlocutory appeal.

### CONCLUSION

The Government's motion to include the expert testimony of Agent Case is deferred until trial. If the Government decides it would like to offer this testimony at trial, I will conduct a hearing (out of the presence of the jury) and determine if the evidence is admissible.

