STATE of Utah, Plaintiff and Respondent,

v.

Gladys Lovella PIERCE, Defendant and Appellant.

No. 17916.

Supreme Court of Utah.

Sept. 24, 1982.

Edward K. Brass, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant raises but one point in her appeal of a burglary conviction by jury trial. She contends that in putting her foot in a shoe at the request of the prosecution during her trial, she was denied her right under Article I, Sec. 12 of the Constitution of Utah that "[t]he accused shall not be compelled to give evidence against himself."

The record clearly shows that after a recess during which the court and counsel discussed the matter out of the presence of the jury, neither the defendant nor counsel made any objection to such procedure. Defendant complied with the request with the court's agreement.

Defense counsel called a peace officer to testify on defendant's behalf, who stated he had seen the defendant try on the shoes before. Over the prosecution's objection, the officer testified that the shoes did not fit perfectly, as was also the case when defendant tried them on in the courtroom. The strategy of the defense almost obviously was that since the shoes did not fit, it was unlikely that the defendant was wearing them at the scene of the burglary where they were found, and that since defendant had not been identified positively, the state had arrested the wrong person.

Under the particular circumstances of this case, it appears that defendant had waived any constitutional objection. Not having objected to the demonstration at the trial court level, she is precluded from doing so for the first time on appeal.

Furthermore, the facts are not such that great and manifest injustice would be done if this Court does not entertain the issue sua sponte as an exception. This can be done in rare cases under Rule 4 of the Utah Rules of Evidence, or under such exceptions as this Court considers of momentous concern in protecting constitutional rights previously waived. *State v. Schad,*

24 Utah 2d 255, 470 P.2d 246 (1970); *State v. Cobo,* 90 Utah 89, 60 P.2d 952 (1936).

Affirmed.

STEWART, J., concurs in the result.