**In the Matter of the ESTATE OF Ed CASSITY, Deceased.**

**No. 17382.**

Supreme Court of Utah.

Dec. 17, 1982.

HOWE, Justice:

An heir of the estate of Ed Cassity appeals from an order admitting to probate a will of the deceased dated November 12, 1974, and seeks a remand for a new trial.

In June of 1978, trial was held before District Judge Marcellus K. Snow, sitting without a jury, for the purpose of determining which of two purported wills was to be admitted to probate. After hearing all of the evidence and arguments of both parties, Judge Snow ordered the clerk of the court to make the following minute entry:

> This case having been taken under advisement to this date and now the Court having been fully advised in the premises and having duly considered finds that the last will and testament of Edward Cassity, dated November 12, 1974, is the valid will of the decedent.

Judge Snow advised counsel for both parties of his decision but died before signing any Findings of Fact and Conclusions of Law. Subsequently, the appellant moved for and was granted a new trial under Rule 63(a) of Utah Rules of Civil Procedure by District Judge Ernest F. Baldwin on the

grounds that Judge Snow had entered no Findings of Fact and Conclusions of Law in the case, that the minute entry was not a formal judgment under Rules 52(a) and 58A, U.R.C.P. and that there was insufficient record to determine how the judge made his decision.

Thereafter the case was assigned to District Judge David B. Dee. Over the objection of the appellant, Judge Dee granted respondent's motion that the court make its determination of the case by a review of the transcript of the prior trial, supplemented by oral arguments to be made by counsel based upon that transcript and memoranda of law to be submitted by them. After hearing argument by counsel and after having reviewed the 1978 trial transcript along with all of the depositions, pleadings and exhibits, Judge Dee entered a ruling similar to the earlier ruling of Judge Snow that the November 12, 1974 instrument was the last will of the decedent.

Appellant's only contention is that Judge Dee abused his discretion and acted improperly in reversing the order previously entered by Judge Baldwin granting the appellant a new trial. The general rule is that one district judge cannot overrule another acting district judge having identical authority and stature. *State v. Morgan,* Utah, 527 P.2d 225 (1974). However, we have recognized that the application of the rule may depend upon the circumstances and the justice of the case. *In re Estate of Mecham,* Utah, 537 P.2d 312 (1975).

Rule 63(a) of the Utah Rules of Civil Procedure provides:

Disability. If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these Rules *after a verdict is returned or findings of fact and conclusions of law are filed,* then any other judge regularly sitting in or assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial. (Italics added.)

It is to be noted that only *after* findings of fact and conclusions of law have been filed does Rule 63(a) authorize a successor judge to perform the unfinished duties of his predecessor, or in his discretion grant a new trial. We recognized in *State v. Kelsey,* Utah, 532 P.2d 1001 (1975), that the rule applied where the judge had entered his ruling at the conclusion of the trial and had noted what his findings would be, even though formal written findings of fact and conclusions of law had not been signed by him. We held that formal findings and conclusions could be entered by a successor judge.

In the instant case, even though the minute entry clearly indicated what his decision would be, Judge Snow had not made or even noted any findings and conclusions, as in *State v. Kelsey,* supra. Judge Snow noted only what his final conclusion was but provided no clue as to the basis for that decision. Without knowing that basis, a successor judge could not enter findings of fact and conclusions of law under Rule 63(a).

It is therefore clear that Rule 63(a) does not expressly address the situation that we have here. The federal cases which have been found construing federal Rule 63, which is identical to our 63(a), are unanimous in their holding that a trial de novo is required where the trial judge dies *before* signing findings and conclusions or a jury verdict returned. *Whalen v. Ford Motor Credit Co.,* 684 F.2d 272 (C.C.A. 4th Cir. 1982); *Arrow-Hart, Inc. v. Covert Hills, Inc.,* 71 F.R.D. 346 (E.D.Ky.1976), aff. 552 F.2d 711 (6th Cir.1977); *Ten-O-Win Amusement Company v. Casino Theater,* 2 F.R.D. 242 (1942). The Colorado Court of Appeals came to the same conclusion in *Sunshine v. Sunshine,* 30 Colo.App. 67, 488 P.2d 1131 (1971) under Colorado's identical rule (R.C.P. Colo. 63).

In the most recent of those cases, *Whalen v. Ford Motor Credit Company,* supra, a judge presiding over a jury trial in a civil action died after taking three weeks of

testimony. The defendant then moved for a mistrial on account of the judge's death. The successor judge considered and denied the motion for mistrial, reasoning that it would be "inconceivable" to forbid such substitution when Rule 25(a) of the Federal Rules of Criminal Procedure expressly permits such a substitution in a criminal setting. The successor judge treated the question of whether to proceed with the trial as a matter within his discretion and apparently was persuaded by the argument that Rule 63(a) was silent as to what should happen in a civil case where disability occurs *before* a verdict is returned or findings of fact and conclusions of law are filed. The successor judge noted that such a substitution would probably not be permissible in a non-jury civil case but he concluded that in a jury case where the trial judge was not the finder of the facts, there was no persuasive reason to start the trial over again. He therefore continued on with the trial taking another two weeks of testimony.

On appeal, the court of appeals by a divided vote held that Rule 63 communicates a positive prohibition on the substitution of a judge prior to verdict where all parties have not stipulated their consent. The majority opinion placed great emphasis upon the notes of the advisory committee on the federal civil rules. The dissenting judges based their position primarily upon Rule 83 providing "In all cases not provided by rule, the district courts may regulate their practice in any manner not inconsistent with these rules." 684 F.2d at 280.

In *Arrow-Hart, Inc. v. Covert Hills, Inc.,* supra, and in *Sunshine v. Sunshine,* supra, it was urged that the successor judge or master should be allowed to decide the case based upon his reading and examination of the transcript of the trial which had been completed. This request was denied where less than all of the parties had consented to that procedure. In both cases a trial de novo was mandated primarily because the credibility of the witnesses could not be determined from the cold transcript.

Despite the persuasiveness of those decisions, we believe that in the instant case there was no error in the manner in which the substitute judge, Judge Dee, completed the case. While it is true that Judge Baldwin ordered a new trial, he did not indicate whether he meant the successor judge to rehear the testimony of the witnesses. Presumably he left that determination for the successor judge to make. We therefore do not have the problem of one district judge overruling another district judge of equal authority. We have carefully examined the transcript of the testimony of the witnesses and have found no material conflict in their testimony respecting the only issue of the case, to wit, whether there was undue influence exercised over the decedent in his making the will of November 12, 1974. Each witness testified as to that which he or she had seen or heard the deceased do or say. The conflict in this case comes not from the evidence but from the conclusion to be drawn from the evidence as to the existence of any undue influence. In view of these circumstances, we find no abuse of discretion on the part of Judge Dee in failing to have the witnesses re-testify in front of him. He did not have to determine the credibility of witnesses nor determine which witness to believe over another witness. Because of that, his personal confrontation of the witnesses was unnecessary. Nor was this a case where there was an interruption in the taking of the evidence or argument which would necessarily have required the retaking of evidence. The trial here was complete to the point of all the evidence being in and the original judge having made a decision. The task confronting Judge Dee was confined to determining what conclusions were to be drawn from the testimony which had been given.

The record reflects that Judge Dee determined that he could fairly consider the evidence and render a decision by reviewing the transcript. The appellant does not contend that she had any new or additional testimony to present. She could not have been prejudiced by Judge Dee's refusal to rehear the testimony. The resources and efficiency of the trial court were preserved.

The judgment below is affirmed. Costs to the respondent.

HALL, C.J., STEWART and OAKS, JJ., and VeNOY CHRISTOFFERSON, District Judge, concur.

DURHAM, J., does not participate herein; CHRISTOFFERSON, District Judge, sat.