**STATE of Utah, Plaintiff and Respondent,**

v.

**Charles Kermit LESLEY, Defendant and Appellant.**

**No. 18038.**

Supreme Court of Utah.

Sept. 14, 1983.

Ronald J. Yengich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

This is an appeal from two convictions, one for production of a controlled substance, a felony, and the other for criminal trespass, a class C misdemeanor. The appellant raises three points of error, claiming that: 1) the trial court erred in instructing the jury on the elements of criminal trespass; 2) the trial court's denial of the appellant's motion to suppress evidence was prejudicial error; and 3) the trial court erred in denying the appellant's motion for a mistrial based on the drowsiness of a juror.

On August 21, 1980, based on an earlier discovery and investigation, a United States Forest Service employee, a Salt Lake County deputy sheriff, and several other police officers entered Red Butte Canyon to seize marijuana plants growing there and other items related to the "farming" enterprise.

Red Butte Canyon, located just east of the University of Utah, is a rugged area characterized by steep terrain, dense brush, and a large population of rattlesnakes. On the date in question, the canyon was under the control of the United States Forest Service and was designated as a "no-trespass, entry-by-permission-only" area. A single road with three locked gates provided the only access for vehicles into the canyon. The first gate was posted "No Trespassing"; the others were not so marked. There were no trails designated for public use and it was uncommon for people to be seen there. It was apparently possible to enter the canyon on foot without seeing the signs on the first locked gate.

From a spot approximately a quarter mile from the marijuana farm compound, the deputy sheriff observed the appellant inside the compound. Shortly thereafter, the officer arrived at the compound and asked the appellant to explain his presence. The appellant responded that he was hiking in the area. Then, after having been informed by the Forest Service employee that the appellant was trespassing, the officer arrested the appellant for trespassing and searched his person and his backpack.

Prior to trial, the appellant filed a motion to suppress the evidence regarding the contents of his pack. The appellant claimed that the officer had no probable cause to arrest him, that the search and seizure pursuant to that unlawful arrest was illegal, and that the evidence obtained was therefore inadmissible. The appellant did not challenge the scope of the search, but only its relation to the legality of the arrest. His motion to suppress was apparently denied prior to trial. The appellant did not renew his motion nor did he object in any way to the admission of the evidence in question at his trial.

Near the close of the first day of trial, counsel for the appellant moved for a mistrial on the grounds that a juror had been "nodding off" and, in counsel's view, was "not paying attention" during the trial. The court denied the motion but recessed court early that day with a specific instruc-

tion to the juror in question to catch up on his sleep.

Notwithstanding the appellant's failure to object to the jury instruction on criminal trespass, we are required in this case to pass upon and determine his first point of error to prevent manifest injustice. *See* U.C.A., 1953, § 77–35–19(c). The instruction misstates the law of criminal trespass and is entirely inconsistent with the statutory definition of that offense. *See* U.C.A., 1953, § 76–6–206. The elements of criminal trespass are set forth in § 76–6–206(2), which reads in pertinent part as follows:

A person is guilty of criminal trespass if, under circumstances not amounting to burglary . . . :

(a) He enters or remains unlawfully on property and:

(i) Intends to cause annoyance or injury to any person thereon or damage to any property thereon; or

(ii) Intends to commit any crime, *other than theft or a felony;* [or]

(iii) Is reckless as to whether his presence will cause fear for the safety of another.

(Emphasis added.) The instruction given to the jury in this case on the elements of criminal trespass reads as follows:

Before you can convict the defendant of the crime of Criminal Trespass, Count II, you must find from the evidence, beyond a reasonable doubt, all of the following elements of that crime:

1. That on or about the 21st day of August, 1980, in Salt Lake County, State of Utah, the defendant, Charles Kermit Lesley, unlawfully entered the property of the U.S. Government.

2. That at the time of said entry the defendant, Charles Kermit Lesley, *intended to commit the crime of Production Of A Controlled Substance.*

If you believe that the evidence establishes each and all of the essential elements of the offense beyond a reasonable doubt it is your duty to convict the defendant of Criminal Trespass. On the other hand, if the evidence has failed to so establish one or more of said elements, then you must find the defendant not guilty.

(Emphasis added.)

■ The statutory definition of criminal trespass requires an intent to "commit any crime, *other than* . . . a felony." Thus, it was error for the trial court to predicate the offense of criminal trespass on the crime of production of a controlled substance, which is a felony. Furthermore, there is no evidence anywhere in the record which would support a charge to the jury on the offense of criminal trespass. Thus, the appellant's conviction of that offense must be reversed.

The appellant's second contention is that the denial of his pretrial motion to suppress the evidence seized from his pack during the search incident to his arrest was error. The appellant has not provided this Court with any information regarding a hearing on that motion or the evidence offered in support thereof. Furthermore, the trial transcript shows that his counsel failed to make any objection to the introduction of such evidence at trial. Thus, our review of this question depends on whether the issue has been preserved for appeal. The Utah Rules of Evidence prohibit the reversal of a judgment based on the erroneous admission of evidence unless

(a) there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection, and

(b) the court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and probably had a substantial influence in bringing about the verdict or finding.

Utah R.Evid. 4. This Court has discretion to review the allegedly erroneous admission of evidence when the grounds of objection are not clearly or correctly stated. However, the Rules do not state that we may review alleged error when no objection at all is made at the trial level. *See, e.g., State v. McCardell,* Utah, 652 P.2d 942 (1982). Moreover, "the facts are not such

that great and manifest injustice would be done if this Court does not entertain the issue sua sponte as an exception." *State v. Pierce,* Utah, 655 P.2d 676, 677 (1982).

█ The appellant's position appears to be that his filing of a pretrial motion to suppress, and its denial, relieved him from the necessity of objecting to the evidence at trial. This raises a question of first impression in this jurisdiction, and we hold that, under Rule 4 of the Utah Rules of Evidence, a specific objection is required even where a pretrial motion to suppress has been made. The reasons for such a rule are well illustrated in this case. The judge who heard the motion to suppress was not the trial judge, and there is no indication in the record before us that an evidentiary hearing on the motion was conducted. There are no findings of fact, conclusions of law, or any written ruling with respect to the appellant's motion to suppress. Prior to trial, a judge is often in a disadvantaged position to decide on the admissibility of evidence. The trial judge is likely to have a more complete view of the grounds for excluding or admitting certain evidence. When defense counsel fails to call the trial judge's attention to any problems regarding the admissibility of evidence at the time it is offered, he or she deprives the trial court of an opportunity to avoid error in the trial which may have been created by an improper ruling on a pretrial motion based on inadequate information. In this case, the trial judge admitted the disputed evidence without any notice of the defendant's claims that it was inadmissible. Of course, to avoid prejudicing the jury, procedural steps will have to be taken in jury trials to ensure that the court has an opportunity to hear counsel's objections outside of the presence of the jury. Such procedures are commonly undertaken in civil and criminal trials, however, and need pose no unusual problems.[1]

█ The appellant's final claim of error is that the trial court should have granted a mistrial because one of the jurors was apparently drowsy during the first day of trial. The trial transcript merely shows that, when the trial judge adjourned for the day, he expressed concern to a juror who had been up during the night before the trial about his ability to stay awake. The record does not support any inference that the juror had actually been sleeping during the proceedings or that he had not been paying attention. Furthermore, the appellant's counsel made no complaint about the juror during the proceedings, but merely moved for a mistrial after the judge recessed court. The trial judge was in a position to gauge the degree, if any, of the juror's incapacity to serve in the trial. We find no basis in this record for the conclusion that he abused his discretion in the denial of the motion for a new trial. *See, e.g., Doty v. Town of Cedar Hills,* Utah, 656 P.2d 993 (1982).

The appellant's conviction of production of a controlled substance is affirmed. The conviction of criminal trespass is reversed. No costs awarded.

HALL, C.J., and OAKS, J., concur.

HOWE, Justice (concurring in the result):

I concur in the result. However, I prefer to rest my concurrence in the denial of the defendant's pretrial motion to suppress the evidence seized from his pack upon the ground that he has not provided us with a record by which we may review that ruling. I do not subscribe to the holding in the majority opinion that the ruling is not reviewable because the defendant failed at the trial to object to the admission of the evidence.

Rule 12 of the Utah Rules of Criminal Procedure (codified as U.C.A., 1953, § 77–35–12) provides in pertinent part:

(a) . . .

---

1. We note that this ruling is not intended to preclude counsel for arranging with the trial judge to preserve a point for appeal without the necessity of objecting in open court. Such arrangements are commonly approved in the trial process. The only requirement is that any objections to evidence be made known to the trial judge so that he or she can make an informed decision to admit or exclude it.

(b) Any defense, objection or request including request for ruling on the admissibility of evidence, which is capable of determination without the trial of the general issue may be raised prior to trial by written motion. The following shall be raised at least five days prior to the trial:

(1) . . .

(2) Motions concerning the admissibility of evidence;

(c) A motion made before trial shall be determined before trial unless the court for good cause orders that the ruling be deferred for later determination. Where factual issues are involved in determining a motion, the court shall state its findings on the record.

The foregoing rule appears to be permissive only whereas its counterpart in the Federal Rules of Criminal Procedure, Rule 12(b)(3), as amended in 1975, requires that motions to suppress evidence be made before trial. However, both rules have the same purpose: to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960). It therefore makes sense that pretrial proceedings be designed to expedite trials by deciding issues collateral to guilt or innocence prior to the trial. However, any economy which is gained is soon lost if the motion must again be made, presented and argued by counsel at the trial and the trial judge must hear the same evidence. See *United States v. Barletta,* D.C.Mass., 500 F.Supp. 739 (1980).

Under the ruling of the majority opinion, a proper objection must be made to the admission of evidence which the defendant has theretofore unsuccessfully sought to suppress so that the trial judge may examine anew the ruling made by another judge of the same court. In my opinion such practice is not only an unnecessary expenditure of effort on the part of the trial court and counsel but more seriously, it offers the defendant two opportunities to convince two different judges of the merits of his motion. I do not think that was the intention of our Rule 12. Subsection (c) implies this by its direction that a pretrial motion should be determined before trial unless the court for good cause orders that the ruling be deferred for later determination. This provision is to take care of those situations where the judge hearing the pretrial motion concludes that it would be better to defer ruling on the motion to the trial judge who can better determine it after some or all of the evidence is in. This is obviously a salutary practice. However, when the judge hearing the pretrial motion has ruled, that should end the matter and the defendant should not be required nor given another opportunity to present the matter. The denial of such a motion should be reviewable on appeal without requiring the defendant to again object at the trial. See *United States v. Hopkins,* 433 F.2d 1041 (5th Cir. 1970). This result also eliminates the problem of one district judge overruling another judge of the same court, which we generally have not allowed. *Matter of Estate of Cassity,* Utah, 656 P.2d 1023 (1982); See also *United States v. Jaffe,* D.C.D.C., 98 F.Supp. 191 (1951).

STEWART, J., concurs in the concurring in the result opinion of HOWE, J.