The STATE of Utah, Plaintiff
and Respondent,

v.

Gary Vance SAUNDERS, Defendant
and Appellant.

No. 19054.

Supreme Court of Utah.

April 3, 1985.

Linda E. Carter, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., James F. Housley, Co. Atty., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals from his convictions of burglary,[1] theft,[2] possession of a firearm by a restricted person,[3] and being a habitual criminal.[4] He was accused of these offenses in connection with an incident in April 1982, in which a home in Sandy, Utah, was broken into and various property, including firearms, was stolen.

Before trial, defendant's counsel moved to sever the firearm count from the remaining charges. The motion was denied. Trial on the burglary, theft, and firearm counts proceeded before a jury. The primary evidence against defendant was the testimony of Stacy Williams, who was granted immunity in exchange for his testimony. Williams testified that he and defendant broke into the home and took the property. Defendant did not testify. However, he did stipulate that, at the time of the alleged offenses, he was an inmate at the Utah State Prison, housed in a halfway house.

The jury convicted defendant of burglary, theft, and possession of a firearm by a restricted person. Defendant was then tried by the court on the habitual criminal charge.

Documents showing that defendant had been convicted of burglary in 1964, 1977, and 1978 were admitted into evidence. Defendant objected to the admission of evidence of the 1964 and 1977 convictions, which were based on guilty pleas, on the ground that the pleas had not been shown to have been voluntary. Defendant testified that, before he entered the guilty plea in 1964, he had not been advised of any of his rights, that he entered the plea only because he had been promised probation, and that he was instead committed to the Utah State Prison. Defendant's affidavit, by which he admitted his guilt of the 1977 charge, was received in evidence. Defense counsel's name was not entered in the appropriate space in the affidavit. Attached to the affidavit, however, was a certificate of defense counsel stating he had discussed the affidavit with defendant. Defendant was convicted of the habitual criminal charge.

Defendant's first contention is that the firearm count should have been severed from the burglary and theft charges. Before reaching this issue, however, we address the State's contention that defendant waived the right to severance of the charges by failing to raise the issue at trial.

■ The Utah Rules of Criminal Procedure contemplate that severance issues ordinarily should be raised and determined

---

1. A second degree felony, in violation of U.C.A., 1953, § 76–6–202 (1978 ed.).

2. A second degree felony, in violation of U.C.A., 1953, § 76–6–404 (1978 ed.).

3. A second degree felony, in violation of U.C.A., 1953, § 76–10–503(2) (1978 ed.).

4. U.C.A., 1953, § 76–8–1001 (1978 ed.).

before, rather than at, trial. Rule 9 provides that failure to move to sever at least five days before trial constitutes a waiver of the right to severance.[5] Rule 12 requires that a pretrial motion "shall be determined before trial unless the court for good cause orders that the ruling be deferred for later determination."[6] Moreover, where a motion to sever has been made and determined before trial in accordance with these rules, the record will contain an adequate basis for review of a severance issue. Rule 12 states that "a motion other than one made during a trial or hearing shall be in writing, unless the court otherwise permits," and that such a motion "shall state with particularity the grounds upon which it is made...."[7] Under these circumstances, renewal of the motion or exception to the ruling at trial is unnecessary to preserve the issue for appeal.

In this case, defendant filed a pretrial motion to sever the charges in accordance with Rules 9 and 12. The motion and a minute entry reflecting the court's denial of the motion, without provision for later determination of the issue, appear on the record. Therefore, the severance issue was effectively preserved for our review. This conclusion is not inconsistent with *State v. Sparks*,[8] cited by the State in its brief, which holds that matters outside the trial court record will not be reviewed on appeal. There, no record existed on which to base a review. Here, defendant's written pretrial motion and the minute entry provide ample basis for review.

In *State v. Lesley*,[9] we held that a pretrial motion alone was insufficient to preserve the issue of whether evidence should have been suppressed at trial. That decision, however, was based on Rule 4 of the Utah Rules of Evidence, which precluded

reversal of a decision "by reason of the erroneous admission of evidence unless ... there appears of record objection to the evidence timely interposed...." Severance issues implicate neither Rule 4 nor the policies behind it.

■ As observed in *Lesley*, suppression issues must be raised at trial because the judge often has a more complete view of the evidence and the grounds for its suppression or admission than he or she does before trial. In deciding a motion to sever, however, the judge is ordinarily in no better position at trial than at the hearing on the pretrial motion. Where the judge presiding at trial is different from the one who denied the pretrial motion, as was the case here, to grant the same motion at trial, absent a change in the facts relevant to ruling on the motion, would be to overrule a coequal. This would be improper.[10]

Moreover, evidence not yet presented to the jury may easily be suppressed after the commencement of the trial without prejudice to the defendant. Severance of offenses, on the other hand, would necessitate a new trial if granted after trial has begun and the jury has been informed of the charges. Thus, in the interest of judicial economy, severance issues should be decided and any evidentiary hearings necessary to their determination should be held before trial. Again, this is the procedure established by Utah R.Civ.P. 9 and 12. Since defendant adequately preserved the issue for appeal, we may consider his contention that the denial of his pretrial motion to sever was erroneous.

■ A ruling on a motion to sever charges under Rule 9 is within the sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion.[11] In the present case, the fail-

5. U.C.A., 1953, § 77–35–9(d) (1982 ed.).

6. U.C.A., 1953, § 77–35–12(c) (1982 ed.).

7. U.C.A., 1953, § 77–35–12(a) (1982 ed.).

8. Utah, 672 P.2d 92 (1983).

9. Utah, 672 P.2d 79 (1983).

10. *See Sittner v. Big Horn Tar Sands & Oil, Inc.*, Utah, 692 P.2d 735 (1984).

11. *State v. Studham*, Utah, 655 P.2d 669, 671 (1982). *See State v. Peterson*, Utah, 681 P.2d 1210, 1214 (1984) (affirming grant of motion to join offenses).

ure to sever the charges of possession of a firearm by a restricted person from the burglary and theft charges was an abuse of discretion.

Under Rule 9, "[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged arise out of a criminal episode...." [12] In this case, all of the charges against defendant arose from the same criminal episode.[13] Thus, joinder of the charges was proper in the first instance. Rule 9 further provides, however:

> If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses or defendants in an indictment or information, or by a joinder for trial together, the court shall order an election of separate trials of separate counts, or grant a severance of defendants, or provide such other relief as justice requires.[14]

Here, joinder of the offense of possession of a firearm by a restricted person with the offenses of burglary and theft was unduly prejudicial to defendant.

But for the joinder, evidence that defendant was at the time of the offenses committed to the Utah State Prison and living in a halfway house would have been inadmissible at trial on the burglary and theft charges. This evidence clearly implied that defendant had committed a prior crime. The admissibility of such evidence is severely restricted under the Utah Rules of Evidence. Rule 55 [15] provides:

> [E]vidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he com-

mitted another crime or civil wrong on another specified occasion but ... such evidence is admissible when relevant to prove some other material fact....

Evidence that defendant was a prison inmate at the time of the offense was clearly relevant to prove a fact other than criminal disposition material to the offense of possession of a firearm by a restricted person. This evidence was not relevant, however, to the charges of burglary and theft, except to show a criminal disposition as the basis for an inference that he was guilty. Thus, at a separate trial on the burglary and theft charges, this evidence would have been inadmissible under Rule 55. Nor would evidence of a prior crime have been admissible under Rule 20 [16] of the Utah Rules of Evidence as relevant to defendant's credibility since defendant did not testify. Thus, no legitimate reason would have existed to introduce evidence of a prior crime at a separate trial on the burglary and theft charges.

The basis of these limitations on the admissibility of evidence of prior crimes is the tendency of a fact finder to convict the accused because of bad character rather than because he is shown to be guilty of the offenses charged.[17] Because of this tendency, such evidence is presumed prejudicial and, absent a reason for the admission of the evidence other than to show criminal disposition, the evidence is excluded.

In the instant case, the effect of the joinder was to permit the jury to consider evidence of defendant's prior crime as the basis for an inference that he committed the burglary and theft, a purpose giving rise to the undue prejudice the rules are

---

**12.** U.C.A., 1953, § 77–35–9(a) (1982 ed.).

**13.** U.C.A., 1953, § 76–1–401 (1978 ed.) defines a "single criminal episode" as "all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective."

**14.** U.C.A., 1953, § 77–35–9(d) (1982 ed.).

**15.** This rule was in effect at the time of the trial in this case, but has since been superseded by Rule 404 of the Utah Rules of Evidence, effective September 1, 1983.

**16.** This rule has been superseded by Utah Rule of Evidence 609, effective September 1, 1983.

**17.** *State v. Forsyth*, Utah, 641 P.2d 1172, 1178 (1982) (Stewart, J., concurring).

intended to prevent. The joinder being unduly prejudicial to defendant, his motion to sever should have been granted.

In *State v. Studham*,[18] we held that the denial of an untimely motion to sever the offense of possession of a firearm by a restricted person from the offense of aggravated assault was not a denial of due process of law. However, in that case the defendant had waived his right to severance under Rule 9, having moved to sever only moments before trial. Therefore, we did not reach the issue of whether the statutory right to severance had been erroneously denied and decided only whether, aside from Rule 9, the joinder had violated the basic elements of due process. Thus, *Studham* does not foreclose our decision here.

More relevant here are our decisions in *State v. McCumber*[19] and *State v. Gotfrey*.[20] In *McCumber*, we held that due process was violated by the joinder of five counts, including aggravated burglary, aggravated sexual assault, and attempted rape. We noted, "[W]ere the diverse counts of the information in question to be tried separately, evidence relating to each count would not be heard by the jury trying other counts; the evidence relating to the various alleged offenses is not 'mutually admissible.' "[21] Similarly, in *Gotfrey*, we held the joinder of two rape charges arising from incidents several months apart and with different victims improper under our former statute,[22] stating,

> [C]are must be taken that the statute is not misused to deprive an accused of a fair trial upon an offense by joining different offenses so that evidence concerning charges unrelated in time and nature,

which would normally not be admissible upon a trial, could be admitted as to the multiple offenses in an effort to stigmatize the defendant and thus make it questionable that the jury would give a fair and dispassionate consideration to the evidence on the first charge.[23]

As in *McCumber* and *Gotfrey*, the effect of the joinder here was to permit the consideration of prejudicial evidence as to charges on which the evidence would have been inadmissible in a separate trial. Therefore, we reverse defendant's convictions of burglary, theft, and possession of a firearm by a restricted person and remand the case for retrial on those charges consistent with this opinion.

Since defendant's habitual criminal conviction was based on the above convictions,[24] reversal of those convictions requires reversal of the habitual criminal conviction as well. If, on remand, defendant is again convicted of the charge of burglary, theft, or possession of a firearm by a restricted person, he may be retried on the habitual criminal charge. Thus, we must also address defendant's contention that evidence of his prior convictions based on guilty pleas was erroneously received at trial on the habitual criminal charge.[25]

Defendant challenges the admission of evidence of his 1977 conviction on the ground that the space provided for his attorney's name in the affidavit by which he admitted guilt of the offense had been left blank. Thus, defendant contends, he was not shown to have voluntarily entered his guilty plea in the prior proceeding, to have been represented by counsel, or to have waived his right to counsel. Relying on *Boykin v. Alabama*[26] and *Burgett v. Tex-*

---

18. *Supra* note 11.

19. Utah, 622 P.2d 353 (1980).

20. Utah, 598 P.2d 1325 (1979).

21. *Supra* note 19, at 356.

22. U.C.A., 1953, § 77–21–31 (1978 ed.).

23. *Supra* note 20, at 1328 (footnote omitted).

24. *See* U.C.A., 1953, § 76–8–1001 (1978 ed.).

25. *See* Utah R.App.P. 30(a) (effective January 1, 1985).

26. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (holding conviction based on guilty plea invalid under due process clause because record failed to show plea had been entered voluntarily).

as,[27] defendant asserts a prior conviction based on a guilty plea may not be used to prove guilt of another offense, absent a showing that the guilty plea was entered voluntarily and the defendant was either represented by counsel or had waived his sixth amendment right to appointed counsel.

We reject defendant's contentions as to the 1977 conviction. The certificate of defendant's counsel attached to the affidavit shows that defendant was represented by an attorney when he entered the guilty plea. Thus, the requirements of *Burgett v. Texas* were satisfied. As to defendant's claim that his plea was not shown to have been voluntarily entered, the affidavit signed by defendant, with advice of counsel, raises a presumption to the contrary. The affidavit shows that defendant was duly advised before entering the plea of the consequences of his plea, including the possible penalty for the offense and the waiver of his right to a trial by jury, right to confront witnesses against him, privilege against self-incrimination, and right to appeal his conviction. In the affidavit, defendant denied receiving any threats, promises, or coercion of any kind to enter the plea. Defendant further stated in the affidavit that he had received a copy of the information and that he understood the nature of the charge. The fact that defendant was represented by counsel and was advised by a copy of the information of the charge raises a presumption that his plea was entered with an understanding of the nature and elements of the charge.[28] Defendant offered no evidence to rebut this presumption. Therefore, we conclude that defendant's plea to the 1977

charge was entered voluntarily and that admission of evidence of his conviction based on that plea was proper.

Defendant does not challenge on appeal the admission of evidence of his 1978 conviction. That conviction, taken together with the 1977 conviction, constitutes the requisite number of prior offenses to support a habitual criminal conviction.[29] Thus, we need not reach the issue of whether evidence of defendant's 1964 conviction based on a guilty plea was erroneous.

Defendant also contends that reversible error was committed during the trial when the prosecutor made allegedly improper comments in closing argument, when a witness's testimony implied that defendant had committed other thefts, when a gun unrelated to the charges against defendant was present in the courtroom, and when a few jurors saw defendant in prison clothes and shackles outside the courtroom. These events are unlikely to recur on remand, and we therefore do not address defendant's contentions pertaining thereto.[30]

Defendant's final contention is that the habitual criminal statute is unconstitutional as applied to him because it makes no distinction between property offenses and violent crimes. Since this issue is likely to recur on remand, we address it.

Utah Code Ann., 1953, § 76-8-1001 (Supp.1978) provides:

Any person who has been twice convicted, sentenced, and committed for felony offenses at least one of which offenses having been at least a felony of the second degree or a crime which, if committed within this state would have been a capital felony, felony of the first degree or felony of second degree, and

27. 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (holding conviction of recidivist offense invalid under due process clause when based on prior conviction for which record failed to show defendant was represented by counsel or had knowingly and intelligently waived his sixth amendment right to appointed counsel).

28. *See Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976) (holding second degree murder conviction invalid under due process clause where defendant not advised

intent was necessary element of offense and charge never formally made, but stating "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id.* at 647, 96 S.Ct. at 2258).

29. *Supra* note 24.

30. *Supra* note 25.

was committed to any prison may, upon conviction of at least a felony of the second degree committed in this state, other than murder in the first or second degree, be determined as a habitual criminal and be imprisoned in the state prison for from five years to life.

In the recent case of *State v. Montague,*[31] this Court interpreted the foregoing statute as being clear and unambiguous and said that its purpose is to subject persistent felony offenders to greater sanctions. While no effort was made to distinguish between "violent" and "non-violent" offenders, the Court sustained the defendant's conviction of being a habitual criminal based upon a conviction of burglary and theft, coupled with two prior convictions of burglary.

■ In the instant case, defendant asserts that burglary is not a violent crime. However, he overlooks the fact that burglary is statutorily defined as a "crime of violence." Utah Code Ann., 1953, § 76–10–501(5) (Supp.1978) so provides in the following language:

> (5) "Crime of violence" means murder, voluntary manslaughter, rape, mayhem, kidnapping, robbery, burglary, housebreaking, extortion, or blackmail accompanied by threats of violence, assault with a dangerous weapon, assault with intent to commit any offense punishable by imprisonment for more than one year, arson punishable by imprisonment for more than one year, or an attempt to commit any of the foregoing offenses.

Consistent with the substantial deference that must be accorded the broad authority the legislature necessarily possesses in determining the types and limits of punishments for crimes, it does not lie within the prerogative of this Court to disturb the statutory scheme.[32]

Defendant further asserts that his sentence as a habitual criminal is disproportionate to the crimes of burglary and theft and that it violates the first prong of the proportionality test laid down in *Solem v. Helm,*[33] that the courts should be guided by the gravity of the offense and the harshness of the penalty. We find no such violation of the *Solem* doctrine.

■ In *Solem,* the felony that triggered the defendant's life sentence without possibility of parole was that of issuing a "no-account" check in the amount of $100. The facts of the instant case are substantially different. The felonies that triggered imposition of sentence as a habitual criminal were burglary, theft, and possession of a firearm by a restricted person, all of which were serious offenses of greater magnitude than that of issuing a bad check. They were also equally serious to the prior two convictions of burglary. In addition, the Utah habitual criminal statute does not prohibit the possibility of parole.

It is thus to be seen that the gravity of the offenses was commensurate with the harshness of the penalty, and the indeterminate sentence of five years to life, with a possibility of parole, is not disproportionate to the crimes committed so as to be prohibited by the eighth amendment.

Defendant's convictions of burglary, theft, possession of a firearm by a restricted person, and being a habitual criminal are reversed and remanded for a new trial consistent with this opinion.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**31.** Utah, 671 P.2d 187, 190 (1983).

**32.** *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

**33.** *Id.*