STATE of Utah, Plaintiff and
Respondent,

v.

Robert HOLYOAK, Defendant
and Appellant.

No. 860220–CA.

Court of Appeals of Utah.

Oct. 14, 1987.

James G. Clark, Provo, for defendant
and appellant.

David L. Wilkinson, State Atty. Gen.,
Sandra L. Sjogren, Asst. Atty. Gen., for
plaintiff and respondent.

Before GARFF, BILLINGS and
GREENWOOD, JJ.

## OPINION

GARFF, Judge:

Defendant Robert Holyoak appeals from
his conviction of possession of cocaine, a
third degree felony, on the grounds that
the trial court failed to suppress evidence
obtained from the execution of an allegedly
defective search warrant.

Police, relying on information provided
by a confidential informant, obtained a
search warrant to search Holyoak's premises for cocaine. As a result of the search,
they found a small plastic bag containing
cocaine hidden under Holyoak's water bed.
Prior to trial, Holyoak moved to suppress
the admission of the cocaine on grounds
that the confidential informant's veracity
and basis of knowledge were inadequate,
that corroboration of his information was
defective, as was the police affidavit based
on the informant's testimony, and, therefore, that there was insufficient probable
cause to issue the search warrant. Holyoak moved alternatively for disclosure of
the informant's identity or for the court to
conduct an *in camera* interview of the
informant on the theory that there was, in
reality, no confidential informant, but that
the police officer had fabricated the affidavit and had planted the cocaine.

A suppression hearing was held, and
even though testimony indicated that some
of the allegations in the police affidavit
were false, the trial court denied all of
Holyoak's motions. Regarding the motion
to suppress, the trial court stated that the
affidavit, viewed in its entirety, supported
the issuance of the search warrant.

At trial, the cocaine was introduced into
evidence. Holyoak did not object to its
introduction, and was convicted by a jury
of possession of cocaine.

On appeal, Holyoak raises substantially
the same issues as in the evidentiary hearing: (1) Should the cocaine obtained pursuant to the search warrant have been suppressed on grounds that there was no probable cause to support the search warrant?
(2) Alternatively, should the trial court
have ordered disclosure of the identity of
the confidential informant? (3) As a further alternative to suppressing the evidence or disclosing the identity of the informant, should the court have conducted an
*in camera* interview of the informant?

Our review of these questions, however,
depends upon whether these issues were
preserved for appeal. Although Holyoak
moved to suppress the cocaine prior to trial, he did not raise an objection at trial

when it was offered and admitted into evidence. The Utah Supreme Court has held that "a specific objection [at trial] is required even where a pretrial motion to suppress has been made," *State v. Lesley*, 672 P.2d 79, 82 (Utah 1983),[1] because "the judge often has a more complete view of the evidence and the grounds for its suppression or admission than he or she does before trial." *State v. Saunders*, 699 P.2d 738, 740 (Utah 1985).

Holyoak attempts to distinguish *Lesley* from the present case on the following factual grounds: In *Lesley*, the judge who heard defendant's motion to suppress was not the trial judge, there was no indication that an evidentiary hearing had been held, and there were no findings of fact, conclusions of law, or written rulings with respect to his motion to suppress. In contrast, in the present case, the same judge heard both the motion to suppress and the trial proceedings, there was an evidentiary hearing, and there were findings of fact, conclusions of law, and an order regarding Holyoak's motion to suppress. Nowhere does the *Lesley* court state that the holding is contingent on the factual situation, but, instead, goes on to say that "[t]he only

requirement is that any objections to evidence be made known to the trial judge so that he or she can make an informed decision to admit or exclude it." *Lesley*, 672 P.2d at 82 n. 1. This language indicates that the factual differences between the present case and *Lesley* are immaterial. Thus, Holyoak's argument that *Lesley* applies only to cases where the judge who heard the motion to suppress was not the trial judge and there were no findings of fact or any written ruling with respect to the motion to suppress is without merit.

Therefore, because Holyoak failed to object to the admissibility of the cocaine evidence at trial, he may not raise that issue on appeal. Accordingly, we do not reach the merits of Holyoak's other arguments. Affirmed.

BILLINGS and GREENWOOD, JJ., concur.

---

1. The former Utah R.Evid. 4, under which *Lesley* was decided, prohibited the reversal of a judgment based on the erroneous admission of evidence unless:

> (a) there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection, and
> (b) the court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and probably had a substantial influence in bringing about the verdict or finding.

This rule has been superceded by Utah R. Evid. 103, effective September 1, 1983, which states that:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context.

The *Lesley* court stated that "the Rules do not state that we may review alleged error when no objection at all is made at the trial level." *Lesley*, 672 P.2d at 81. Because the wording of the new statute is comparable to that in the superceded statute, and because *Lesley* has been cited favorably in *State v. Saunders*, 699 P.2d 738, 740 (Utah 1985), we continue to follow *Lesley*.