**STATE of Utah in the Interest of M.S., a person under eighteen years of age, Appellant.**

**No. 880702–CA.**

Court of Appeals of Utah.

Oct. 13, 1989.

Jay D. Gurmankin, Salt Lake City, for appellant.

R. Paul Van Dam and Sandra L. Sjogren, Salt Lake City, for State of Utah.

Before BILLINGS, GARFF and GREENWOOD, JJ.

BILLINGS, Judge:

M.S. appeals from an order of the Fourth District Juvenile Court finding him guilty of unlawful consumption of alcohol by a minor, a class B misdemeanor, in violation of Utah Code Ann. § 32A–12–13(1) (1986). On appeal, M.S. claims Utah law authorizing Brigham Young University police officers to act as "peace officers" with statewide police authority violates the establishment clause of the first amendment to the United States Constitution. We affirm.

### FACTS

On June 29, 1988, at approximately 1:00 a.m., M.S., a sixteen-year-old male, was sitting in the back of a parked pickup truck located at a Minuteman store in Provo, Utah. A Brigham Young University ("BYU") police officer approached M.S. and several other juveniles who were also in the truck. The officer requested M.S. to blow into his face. The officer claimed he detected a strong odor of alcohol on M.S.'s breath. The officer asked M.S. if he had been drinking, and M.S. admitted to drinking one beer. The BYU police officer then issued a misdemeanor citation to M.S. for the unlawful consumption of alcohol by a minor.

M.S. pled not guilty to the charge, and was subsequently tried before a Fourth District Juvenile Court Commissioner on September 1, 1988. The BYU police officer was the only witness at that hearing. During the officer's testimony, M.S.'s father, on behalf of M.S., questioned the authority of a BYU police officer to issue citations outside BYU property. The commissioner found M.S. guilty as charged. Pursuant to Utah Code Ann. § 78–3a–14(3) (Supp.1989), M.S. appealed from the commissioner's decision and requested a rehearing. The rehearing was scheduled for September 27, 1988. M.S.'s father again attended the new hearing with M.S. and, during the proceedings, requested a continuance so that he could obtain legal counsel to represent M.S. The hearing was continued until November 1, 1988. However, on November 1, M.S. appeared without counsel. In a de novo retrial, the juvenile court judge heard testimony from the BYU police officer and consequently found M.S. guilty of unlawful consumption of alcohol by a minor. M.S. did not question the authority of the BYU police officer or raise any constitutional challenges before the juvenile court judge.

In this appeal, M.S. contends that Utah Code Ann. §§ 77–1a–1(1)(a)(iv), (1)(b) (Supp. 1989) and 77–9–3 (1982) violate the establishment clause of the first amendment because the statutes authorize church employees to exercise statewide police power. The State responds that M.S. is precluded from raising the issue on appeal because M.S. did not raise this constitutional challenge before the juvenile court judge. We agree.

Although M.S. raised his first amendment challenge before the juvenile court

commissioner, he did not renew his objection before the district court judge, who conducted a de novo trial following M.S.'s request for a new hearing. M.S. contends that Utah Code Ann. § 78–3a–14(3) (Supp. 1989) requires a juvenile court commissioner "to transmit to a judge the record including all papers relating to the case, together with his findings and recommendations in writing," and thus he was not required to raise his constitutional challenge before the juvenile court judge in order to preserve it for appeal. We believe this section, when read in context with the statutory scheme as a whole, provides for de novo review before a juvenile judge. The portion of the statute relied upon by M.S. simply insures the record and findings will be available to the juvenile court judge to review before signing the final order of conviction if the juvenile accepts the commissioner's recommendation and does not seek a rehearing. Our interpretation of this statute is buttressed by our belief that when "criminal" charges are considered, a juvenile, if he requests a rehearing, should have a right to a new trial before a duly-elected juvenile court judge.

The record also demonstrates M.S. was clearly informed that he would receive a new trial, one in which he could raise all issues de novo. The commissioner informed M.S. and his father that "the matter would be heard again by either Judge Hermansen or Judge Brown," and that "you may raise these very issues again."

Furthermore, the summons received by M.S. for his subsequent hearings before the juvenile judges indicated the type of hearing would be a "Re–Trial–Alcohol."

It is a fundamental principle of appellate review that matters not raised at the trial level cannot be raised for the first time on appeal. See, e.g., State v. John, 770 P.2d 994, 995 (Utah 1989). The fact that these proceedings occurred before the juvenile court does not alter this fundamental precept of appellate review. See, e.g., In re Schreuder, 649 P.2d 19, 22 (Utah 1982).

Moreover, this principle applies equally to constitutional challenges not presented below, but raised subsequently on appeal.[1] Although reviewing courts will, in the exceptional or extraordinary case, overlook a party's failure to raise constitutional challenges in the proceedings below,[2] M.S. has not persuaded us of the existence of such exceptional circumstances in this case. We are not inclined to consider a first amendment establishment clause challenge when the factual record is as sparse as here and where the trial judge has not had a chance to make findings concerning the alleged "entanglement."[3]

The juvenile court judge was not given an opportunity to rule on the constitutionality of various provisions in the Utah Code delegating police power to church employees. This is by no means a clear question.[4] Accordingly, we adhere to our long-standing rules of appellate review, and decline to address this important issue for the first

1. See, e.g., State v. Tucker, 709 P.2d 313, 315 (Utah 1985). Accord State v. Pierce, 655 P.2d 676, 677 (Utah 1982) (per curiam) (defendant waived right against self-incrimination); State v. Lee, 633 P.2d 48, 52–53 (Utah 1981) (defendant waived fourth amendment right against unreasonable seizure), cert. denied, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981); State v. Laird, 601 P.2d 926, 927 (Utah 1979) (defendant's equal protection challenge to carnal knowledge statute not preserved for appeal); State v. Tritt, 23 Utah 2d 365, 463 P.2d 806, 808 (1970) (defendant did not challenge validity of statute in proceedings below).

2. See, e.g., State v. Carter, 707 P.2d 656, 660–61 (Utah 1985) (court refused to consider for first time on appeal because information was not

unavailable or unknown to defendant); State v. Smith, 16 Utah 2d 374, 401 P.2d 445, 446 (1965) (court will not consider unless defendant was deprived of fair trial as a result of error not raised).

3. M.S. claims no factual record of findings is necessary as he is challenging the facial validity of §§ 77–1a–1(1)(a)(iv), (1)(b) (Supp.1989) and 77–9–3 (1982). We disagree. There is nothing on the face of these statutes which suggest a first amendment violation. It is BYU's use of this statutory scheme to establish a police force and M.S.'s consequent arrest by a BYU officer which is at issue.

4. See, e.g., Note, The Lawmen and the Prophets: Sectarian Exercise of Police Authority in Utah and New Jersey, 1980 Utah L.Rev. 447.

time on appeal.[5]  M.S.'s conviction is affirmed.

GARFF and GREENWOOD, JJ., concur.

---

**5.** M.S. also claims that the statutes in question violate the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. These challenges were not raised before the juvenile court commissioner, and we similarly refuse to address them for the first time in this appeal.