DAVIS, Judge
(dissenting in part and concurring in part):
1 44 I respectfully dissent from Section II of the majority opinion and concur as to all other sections. Although the district courts "have broad discretion in managing the cases before them," A.K. & R. Whipple Plumbing & Heating v. Aspen Constr., 1999 UT App 87, ¶ 11, 977 P.2d 518, I believe it was nonetheless inappropriate for the district court here to refuse Husband an evidentiary hearing on preservation grounds. The relationship between court commissioners and district courts is not, and never was intended to be, similar to the relationship between the district courts and appellate courts.[10] Cf. State v. Holgate, 2000 UT 74, ¶ 11, 10 P.3d 346 ("As a general rule, claims not raised before the trial court may not be raised on appeal."); In re M.S., 781 P.2d 1289, 1290-91 (Utah Ct.App.1989) (explaining, in an appeal from the juvenile court's de novo review of the juvenile commissioner's decision, that raising an argument before the juvenile commissioner did not preserve it for appellate review because the argument was not reasserted, and therefore not preserved, at the juvenile court level).
T45 Court commissioners are court employees that fill the important role of "assisting] the judiciary in the exercise of its judicial power," which undoubtedly increases the efficiency and effectiveness of the judicial process. See Holm v. Smilowitz, 840 P.2d 157, 167 (Utah Ct.App.1992). A commissioner's authority is necessarily not as expansive as that of Article VIII judges, amounting to "Itlhe differentiation ... between adjunct fact finding and plenary judicial responsibility." Id. (internal quotation marks omitted); see also Utah Const. art. VIII, § 1; Utah Code Ann. $ 30-8-15.3 (LexisNexis Supp. 2012); id. § 78A-5-107 (2012) (describing the functions and powers of domestic commissioners); Salt Lake City v. Ohms, 881 P.2d 844, 846-55 (Utah 1994) (analyzing the constitutionality of the court commissioner system). Regardless of whether it is appropriate or desirable to first present evidence to a commissioner, applying the preservation rule to the proceedings before a domestic relations commissioner impermissibly expands the function of the court commissioner system by barring litigants access to the court regardless of the merits of their cases. Cf. BAC v. BLM, 2001 WY 83, ¶ 15, 30 P.3d 573 ("[The district court [must] independently review[ ] the evidence and findings [submitted to a court commissioner] to reach its informed decision. This requirement is especially necessary in child custody cases because [tlhe right to associate with one's immediate family is a fundamental liberty.... Accordingly, a court must afford a parent notice and a meaningful opportunity to be heard before it can deny the parent custody of his or her children.... [Dlistrict courts ... have no authority to abdicate their decision-making responsibilities on these fundamental issues to others." (fifth alteration in original) (emphasis, citations, and internal quotation marks omitted)).
*1026 T 46 Coincidentally, imposition of a preservation requirement in proceedings before the commissioner may negatively impact the system by requiring litigants to present every serap of evidence to the commissioner or risk having that evidence rejected by a judge. Because "[tlhe people have a right to have their cases and controversies ultimately decided by ... judges who have been vested with judicial power by the constitution," and "[alnything less is a clear violation of the Utah constitution and Utah law," Holim, 840 P.2d at 168, I respectfully dissent from Seetion II of the majority opinion and would, on remand, direct the district court to hear Husband's evidence regarding the best interest issue.

. Notwithstanding the majority's effort to justify its ruling, the only reason the district court denied Husband an evidentiary hearing was Husband's failure to first mention the evidence to the commissioner. The district court explained that litigants cannot "bring in new [evidence] that [was] not considered by the commissioner" because to allow otherwise "would be inappropriate and contrary to the whole idea of having commissioners."